UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**04 10191DPW**

UNITED STATES OF AMERICA, )
      Plaintiff, )
       )
v. ) Civil Action No.
       )
25 ROYAL ROAD, ) MAGISTRATE JUDGE Collings
BROOKLINE, MASSACHUSETTS, )
      Defendant. )

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to 21 U.S.C. §881(a)(7), alleges that:

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§1345 and 1355. Venue is appropriate pursuant to 28 U.S.C. §1395.

2. The property consists of the real property located at 25 Royal Road, Brookline, Massachusetts, including all buildings, appurtenances, and improvements thereon, as described in more detail and recorded in the Norfolk County Registry of Deeds at Book 5755, Page 574 (the "Defendant Property"). The Defendant Property currently is titled in the name of Doris M. Walter, deceased. The executrix of Doris Walter's estate is her daughter, Melissa Walter.

3. The _in rem_ Defendant Property is now, and, during the pendency of this action, will be within the jurisdiction of this Court.

4. As detailed in the Affidavit of Brian Tomasetta, Special

Agent, United States Drug Enforcement Administration, attached as Exhibit A and incorporated herein by reference, the United States has probable cause to believe that the Defendant Property constitutes real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§841, 846, and/or 856.

    5.   The Defendant Property is, therefore, subject to seizure and forfeiture to the United States of America, pursuant to 21 U.S.C. §881(a)(7).

WHEREFORE, the United States of America requests:

    1.   That a Monition, in the form submitted herewith, be issued to the United States Marshal for the District of Massachusetts commanding him to give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

    2.   That judgment of forfeiture be decreed against the Defendant Property;

    3.   That thereafter, the Defendant Property be disposed of according to law; and

4. For costs and all other relief to which the United States may be entitled.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney

By: _____
     JENNIFER H. ZACKS
     Assistant U.S. Attorney
     1 Courthouse Way, Suite 9200
     Boston, MA 02210
     (617) 748-3100

Dated: January 27, 2004

3

## **VERIFICATION**

I, Brian Tomasetta, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Verified Complaint for Forfeiture In Rem and the Affidavit attached as Exhibit A, and that the contents thereof are true to the best of my knowledge, information, and belief.

                                                              Brian Tomasetta
                                                              Special Agent,
                                                              United States Drug Enforcement Administration

Dated: January 26th, 2004

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                                              Boston

Then personally appeared before me the above-named Brian Tomasetta, Special Agent, United States Drug Enforcement Administration, who acknowledged the foregoing to be true to the best of his knowledge, information, and belief, and to be his free act and deed on behalf of the United States of America.

Subscribed to and sworn to before me this 26th day of January, 2004.

                                                        Notary Public
                                                       My commission expires: _____

CORINA J. ROBICHAUD
NOTARY PUBLIC
MY COMMISSION EXPIRES 5/29/2009