<u>Affidavit of Steven T. Byer and Paul W. Eysie</u>

1. My name is Steven T. Byer and I currently reside at 1443 Beacon Street, Apt. No. 408 in Brookline, County of Norfolk, Massachusetts.

2. My name is Paul W. Eysie and I currently reside at 66 Walpole Street in Norwood, County of Norfolk, Massachusetts.

3. On or about October 15, 2003, the subject property known as and numbered 25 Royal Road was listed with Hammond Residential /GMAC of Chestnut Hill, Massachusetts.

4. Hammond Residential/ GMAC is a licensed real estate office doing business in the Commonwealth of Massachusetts with a principal place of business at 826 Boylston Street, Chestnut Hill, Massachusetts.

5. After looking at several single family homes in the Town of Brookline, we decided to make an offer on the subject property due to its location. We were informed that the subject property was previously owned by an elderly woman who lived there for the past 40 years and that her estate was currently being probated in the Norfolk Probate & Family Court.

6. On or about November 6, 2003, the Listing Broker, Kay Harrison, Senior Associate at Hammond/GMAC presented our Offer to the Seller to purchase the subject property and said Offer was accepted by the Seller, Melissa R. Walter, Executrix of the Estate of Doris Walter. (See Exhibit A attached hereto)

7. On or about November 14, 2003, both Seller and Buyers signed a binding Purchase & Sale Agreement with respect to the subject property. (See Exhibit B attached hereto).

8. On November 14, 2003, we tendered to the real estate broker the sum of Seventy Seven Thousand Five Hundred ($77,500.00) Dollars as a down payment.

9. On or about November 1, 2003, Scott Molander (a licensed home inspector in the Commonwealth of Massachusetts) inspected the premises, at our sole expense, and provided us with a home inspection report.

10. On or about February 2, 2004, Andrew Effensen of Lipoff Real Estate Service (a licensed real estate appraiser in the Commonwealth of Massachusetts) performed an appraisal of the subject property, at our sole expense, and provided us an appraisal.

11. We have obtained financing with Guaranty National Mortgage Corporation located at 330 Turnpike Street, Canton, Massachusetts.

12. On or about January 22, 2004, both Seller and Buyers signed an Amendment to the Purchase & Sale Agreement extending the closing date to March 26, 2004.( See Exhibit C attached hereto)

13. I, Steven Byer have terminated my current lease agreement and must vacate on February 23, 2004. I have removed a subtantial portion of my belongings from my apartment and have scheduled a mover for February 23, 2004. My furniture and personal belongings will be held in storage, at my sole expense, until the scheduled closing date.

14. We have entered into a binding contractual agreement with the Seller, Melissa R. Walter, Executrix of the Estate of Doris Walter.

15. We have relied on the Purchase & Sale Agreement and the amendment thereto.

16. We have acted in good faith and at all times have used due diligence.

17. We are ready, willing and able to purchase the subject property for the sum of Seven Hundred Sixty Five Thousand ($765,000.00) Dollars on March 26, 2004.

Signed under the pains and penalties of perjury this ___17th___ day of February, 2004.

_____          _____
Steven T. Byer                                     Paul W. Eysie

11/07/2003 09:39 FAX 781 849 7012        KINKOS/BRAINTREE                              @003

06 03 12:23p        Eysie and ODonnell              7817621815                           p.2

"PROPERTY TRANSFER NOTIFICATION CERTIFICATION"

## OFFER TO PURCHASE REAL ESTATE

TO __Owner of Record__
   __25 Royal Road__ (Seller and Spouse)
   __Brookline, MA 02445__

Date __November 6, 2003__

The property herein referred to is identified as follows: __25 Royal Road, Brookline, MA__

Special provisions (if any) re fixtures, appliances, etc.: __None__

I hereby offer to buy said property, which has been offered to me by _____
_____ as the Seller's Broker(s) under the following terms and conditions:

1. I will pay therefore $ __765,000.00__ of which
   (a) $ __1,000.00__ is paid herewith as a deposit to bind this Offer
   (b) $ __76,500.00__ is to be paid as an additional deposit upon the execution of the Purchase and Sale Agreement provided for below.
   (c) $ __687,500.00__ is to be paid at the time of delivery of the Deed in cash, or by certified, cashier's, treasurer's or bank check(s).
   (d) $ .................
   CHECK ONE:
   ☐ Check, subject to collection
   ☐ Cash

   (e) $ __765,000.00__ Total Purchase Price

                                                                        NOV. 14, 2003  MRW
2. This Offer is good until __6:00__ P.M. on __November 6, 2003__ at or before which time a copy hereof shall be signed by you, the Seller and your (husband) (wife), signifying acceptance of this Offer, and returned to me forthwith, otherwise this Offer shall be considered as rejected and the money deposited herewith shall be returned to me forthwith.

3. The parties hereto shall, on or before __5:00__ P.M. __November 21, 2003__ execute the applicable Standard Form Purchase and Sale Agreement recommended by the Greater Boston Real Estate Board or any form substantially similar thereto, which, when executed, shall be the agreement between the parties hereto.

4. A good and sufficient Deed, conveying a good and clear record and marketable title shall be delivered at 12:00 Noon on __February 23, 2004__ at the appropriate Registry of Deeds, unless some other time and place are mutually agreed upon in writing.

5. If I do not fulfill my obligations under this Offer, the above mentioned deposit shall forthwith become your property without recourse to either party. Said deposit shall be held by __Hammond Residential/GMAC__ as escrow agent subject to the terms hereof, provided however that in the event of any disagreement between the parties, the escrow agent may retain said deposit pending instructions mutually given by the parties. A similar provision shall be included in the Purchase and Sale Agreement with respect to any deposits held under its terms.

6. Time is of the essence hereof.

7. The initialed riders, if any, attached hereto are incorporated herein by reference. Additional terms and conditions, if any:
   __See Attached Addendum to Offer to__
   __Purchase Real Estate__

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney.

WITNESS my hand and seal.                        SIGNED __[signature]__
                                                        Buyer
                                                 __[signature]__
                                                        Buyer
                                                                           (Home)
Address _____                                          (work)

This Offer is hereby accepted upon the foregoing terms and conditions at __5:00__ A.M./P.M. on __Nov. 6__, 20 __03__
WITNESS my (our) hand(s) and seal(s).            Phone Numbers

                                                 __Helen R. Walter, Executrix__
Seller (or spouse)                                      Seller

### RECEIPT FOR DEPOSIT
_____, 19_____

Received from _____ Buyer the sum of $ _____ as deposit under the terms
and conditions of above Offer, to be held by _____ as escrow agent.

Under regulations adopted pursuant to the Massachusetts license law,
"all offers obtained by brokers or salesmen on any properties listed
with them shall be forthwith conveyed to the owner of said real estate."
                                                                        Agent for Seller

COPYRIGHT © 1962, 1964, 1965, 1966, 1967, 1968, 1969, 1994
GREATER BOSTON REAL ESTATE BOARD

11/07/2003 09:39 FAX 781 849 7012          KINKOS/BRAINTREE                      ☑002

Nov 06 03 12:24p      Eysie and ODonnell               7817621815             p.3

Thu, Nov 6, 2003 10:29 AM

**Subject:** <no subject>
**Date:** Thursday, November 6, 2003 10:29 AM
**From:** Paul W. Eysie <paul.eysie@verizon.net>
**To:** "Steven T. Byer" <sbyer@adplus.org>

## Addendum to Offer To Purchase Real Estate

1. Seller agrees to purchase & replace existing bulkhead door with steel door to be selected by Buyers. Not to exceed $200.00 purchase ★ price

2. Seller agrees to clean existing gutters to remove all leaves & debris to allow for proper drainage.

3. Seller agrees to replace copper flashing around chimney & around both plumbing vents. All flashing material shall be of copper & all roof repair shall be done by a licensed contractor experienced with slate roof repair & restoration.

4. Seller shall make these repairs in a timely manner & shall provide Buyer's with verification that said repairs are complete.

5. The closing date shall be on Monday, February 23, 2004.

_____          _____
Noreen R. Nalter, Executrix                Paul W. Eysie
Seller                                     Buyer

                                           _____
                                           Buyer

★
DORCHESTER WINDOW + DOORS (617·262·6900)
FLUSH STEEL DOOR 30"X80"
2X6 FRAMING    $182.00

Page 1 of 2

STANDARD FORM
PURCHASE AND SALE AGREEMENT

From the Office of:
Abendroth, Berns & Warner, LLC
47 Church Street, Suite 301
Wellesley, MA 02482-6326

This 14th day of November 2003

1. **PARTIES AND MAILING ADDRESSES**

   Melissa R. Walter, Executrix of the Will of Doris Walter, but not individually
   (see Norfolk County Probate Court Docket No. 03P1509EP)
   292 Hillside Street, Milton, MA 02186

   hereinafter called SELLER, agrees to SELL and

   Steven T. Byer
   1443 Beacon Street, No. 408
   Brookline, MA 02446

   and

   Paul W. Eysie
   66 Walpole Street
   Norwood, MA 02062

   hereinafter collectively called the BUYER, agrees to BUY, upon the terms hereinafter set forth, the following described premises:

2. **DESCRIPTION**

   A certain parcel of land with the buildings thereon known and numbered as 25 Royal Road, Brookline, Massachusetts, containing 5,539 square feet of land, more or less, and more particularly described in a deed recorded with Norfolk County Registry of Deeds at Book 5755, Page 574.

3. **BUILDINGS, STRUCTURES, IMPROVEMENTS, FIXTURES**

   Included in the sale as a part of said premises are the buildings, structures, and improvements now thereon, and the fixtures belonging to the SELLER and used in connection therewith including, if any, all wall-to-wall carpeting, drapery rods, automatic garage door openers, venetian blinds, window shades, screens, screen doors, storm windows and doors, awnings, shutters, furnaces, heaters, heating equipment, stoves, ranges, oil and gas burners and fixtures appurtenant thereto, hot water heaters, plumbing and bathroom fixtures, garbage disposers, electric and other lighting fixtures (excepting the stained glass lighting fixture in the eat-in area of the kitchen, which shall remain the property of the Seller) , mantels, outside television antennas, fences, gates, trees, shrubs, plants, refrigerators, air conditioning equipment, ventilators, dishwashers, washing machines and dryers.

4. **TITLE DEED**

   Said premises are to be conveyed by a good and sufficient executor's deed running to the BUYER, or to the nominee designated by the BUYER by written notice to the SELLER at least seven days before the deed is to be delivered as herein provided, and said deed shall convey a good and clear record and marketable title thereto, free from encumbrances, except:
   (a) Provisions of existing building and zoning laws;
   (b) Existing rights and obligations in party walls which are not the subject of written agreement;
   (c) Such taxes for the then current year as are not due and payable on the date of the delivery of such deed;
   (d) Any liens or municipal betterments assessed after the date of this agreement; and
   (e) Easements, restrictions and reservations of record, if any, so long as the same do not prohibit or materially interfere with the use of said premises for residential purposes.

5. PLANS

If said deed refers to a plan necessary to be recorded therewith, the SELLER shall deliver such plan with the deed in form adequate for recording or registration.

6. REGISTERED TITLE

In addition to the foregoing, if the title to said premises is registered, said deed shall be in form sufficient to entitle the BUYER to a Certificate of Title of said premises, and the SELLER shall deliver with said Deed all instruments, if any, necessary to enable the BUYER to obtain such Certificate of Title.

7. PURCHASE PRICE

The agreed purchase price for said premises is Seven Hundred Sixty-Five Thousand and 00/100 dollars ($765,000.00), of which

| $ | 76,500.00  | have been paid as a deposit this day and |
| $ | 1,000.00   | was paid at the time of the Offer |
| $ | 687,500.00 | are to be paid at the time of delivery of the deed in cash, or by certified, cashier's, treasurer's or bank check(s). |
| $ | 765,000.00 | TOTAL |

8. TIME FOR PERFORMANCE; DELIVERY OF DEED

Such deed is to be delivered at noon on the 23rd day of February 2004, at the Norfolk County Registry of Deeds or, by agreement of BUYER and SELLER, at the office of the BUYER's lender's attorney, unless otherwise agreed upon in writing. It is agreed that time is of the essence of this agreement.

9. POSSESSION AND CONDITION OF PREMISE

Full possession of said premises free of all tenants and occupants, except as herein provided, is to be delivered at the time of the delivery of the deed, said premises to be then (a) in the same condition as they now are, reasonable use and wear thereof excepted, and (b) not in violation of said building and zoning laws, and (c) in compliance with provisions or any instrument referred to in clause 4 hereof. The BUYER shall be entitled personally to inspect, said premises prior to the delivery of the deed in order to determine whether the condition thereof complies with the terms of this clause.

10. EXTENSION TO PERFECT TITLE OR MAKE PREMISES CONFORM

If the SELLER shall be unable to give title or to make conveyance, or to deliver possession of the premises, all as herein stipulated, or if at the time of the delivery of the deed the premises do not conform with the provisions hereof, then the SELLER shall use reasonable efforts to remove any defects in title, or to deliver possession as provided herein, or to make the said premises conform to the provisions hereof, as the case may be, in which event the SELLER shall give written notice thereof to the BUYER at or before the time for performance hereunder, and thereupon the time for performance hereof shall be extended for a period that is the lesser of thirty (30) days or the date upon which Buyer's mortgage commitment or interest rate lock will expire. SELLER shall not be required to expend in excess of $5,000 to clear defects in title, exclusive of voluntary liens and encumbrances.

11. FAILURE TO PERFECT TITLE OR MAKE PREMISES CONFORM

If at the expiration of the extended time the SELLER shall have failed so to remove any defects in title, deliver possession or make the premises conform, as the case may be, all as herein agreed, or if at any time during the period of this agreement or any extension thereof, the holder of a mortgage on said premises shall refuse to permit the insurance proceeds, if any, to be used for such purposes, then any payments made under this agreement shall be forthwith refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto.

## 12. BUYER'S ELECTION TO ACCEPT TITLE

The BUYER shall have the election, at either the original or any extended time for performance, to accept such title as the SELLER can deliver to the said premises in their then condition and to pay therefore the purchase price without deduction, in which case the SELLER shall convey such title, except that in the event of such conveyance in accord with the provisions of this clause, if the said premises shall have been damaged by fire or casualty insured against, then the SELLER shall, unless the SELLER has previously restored the premises to their former condition, either (a) pay over or assign to the BUYER, on delivery of the deed, all amounts recovered or recoverable on account of such insurance, less any amounts reasonably expended by the SELLER for any partial restoration, or (b) if a holder of a mortgage on said premises shall not permit fire insurance proceeds or a part thereof to be used to restore the said premises to their former condition or to be so paid over or assigned, give to the BUYER a credit against the purchase price, on delivery of the deed, equal to said amounts so recovered or recoverable and retained by the holder of the said mortgage less any amounts reasonably expended by the SELLER for any partial restoration.

## 13. ACCEPTANCE OF DEED

The acceptance and recording of a deed by the BUYER or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

## 14. USE OF MONEY TO CLEAR TITLE

To enable the SELLER to make conveyance as herein provided, the SELLER may, at the time of delivery of the deed, use the purchase money or any portion thereof to clear the title of any or all encumbrances or interests, provided that all instruments so procured are recorded simultaneously with the delivery of said deed, or customary arrangements satisfactory to lender's counsel have been made for subsequent delivery and recording.

## 15. INSURANCE

Until the delivery of the deed, the SELLER shall maintain insurance on said premises as follows:

| Type of Insurance | Amount of Coverage |
|---|---|
| (a) Fire and Extended Coverage | $ as presently insured |

All risk of loss is to remain with Seller until Buyer has recorded Seller's deed.

## 16. ADJUSTMENTS

Water and sewer use charges and taxes for the then current fiscal year shall be apportioned and fuel value shall be adjusted, as of the day of performance of this agreement and the net amount thereof shall be added to or deducted from, as the case may be, the purchase price payable by the BUYER at the time of delivery of the deed.

## 17. ADJUSTMENT OF UNASSESSED AND ABATED TAXES

If the amount of said taxes is not known at the time of the delivery of the deed, they shall be apportioned on the basis of the taxes assessed for the preceding fiscal year, with a reapportionment as soon as the new tax rate and valuation can be ascertained; and, if the taxes which are to be apportioned shall thereafter be reduced by abatement, the amount of such abatement, less the reasonable cost of obtaining the same, shall be apportioned between the parties, provided that neither party shall be obligated to institute or prosecute proceedings for an abatement unless herein otherwise agreed.

## 18. BROKER'S FEE

A Broker's fee for professional services is due from the SELLER to Hammond Residential/GMAC, in accordance with the fee agreement between SELLER and Hammond Residential/GMAC, only if, as and when the SELLER receives the full purchase price pursuant to this Agreement, and the BUYER accepts and records the SELLER's deed, but not otherwise.

### 19. BROKER(S) WARRANTY

The Broker named herein, Hammond Residential/GMAC, warrants that it is duly licensed as such by the Commonwealth of Massachusetts.

### 20. DEPOSIT

All deposits made hereunder shall be held in escrow by Hammond Residential/GMAC as escrow agent subject to the terms of this agreement and shall be duly accounted for at the time for performance of this agreement. Said deposit shall be placed in an interest bearing account in a recognized banking institution and all interest earned thereon shall be divided equally between SELLER and BUYER and shall be paid at closing. In the event that the conveyance does not take place, the interest shall follow the deposit. In the event or any disagreement between the parties, the escrow agent may retain all deposits made under this agreement pending instructions mutually given by the SELLER and the BUYER, or by order of a court of competent jurisdiction.

### 21. BUYER's DEFAULT; DAMAGES

If the BUYER shall fail to fulfill the BUYER's agreements herein, all deposits made hereunder by the BUYER shall be retained by the SELLER as liquidated damages without further recourse hereunder, in equity or at law. The parties agree that in the event of default by the BUYER it will be difficult to ascertain with certainty the amount of damages suffered by the SELLER. The amount of the deposit represents a reasonable estimate of the damages expected to be suffered by the SELLER as a result of the BUYER's default.

### 22. RELEASE BY HUSBAND OR WIFE

Not applicable

### 23. BROKER AS PARTY

The Broker named herein joins in this agreement and becomes a party hereto, insofar as any provisions or this agreement expressly apply to the Broker, and to any amendments or modifications of such provisions to which the Broker agrees in writing.

### 24. LIABILITY OF TRUSTEE, SHAREHOLDER, BENEFICIARY, etc.

If the SELLER or BUYER executes this agreement in a representative or fiduciary capacity, only the principal or the estate represented shall be bound, and neither the SELLER or BUYER so executing, nor any shareholder or beneficiary of any trust, shall be personally liable for any obligation, express or implied, hereunder.

### 25. WARRANTIES, REPRESENTATIONS AND UNDERSTANDINGS

The premises are being sold "AS IS" and as shown and no representations have been made by SELLER with regard to the condition of the premises except as explicitly contained in this Agreement. The BUYER and SELLER acknowledge that this Agreement contains their entire understanding and no prior oral or written statement by either of them or by any other persons, extrinsic to this Agreement shall have any force and effect. BUYER agrees that he is not relying on any representation, oral or written, concerning the age, condition, workmanship or suitability of the premises, or any part thereof, for any purposes, made by any person, other than the representations set forth in this Agreement or any Rider incorporated by reference herein. BUYER has not been influenced to enter into this transaction nor has he relied upon any warranties or representations not set forth or incorporated in this agreement or previously made in writing, except the following additional warranties and representations, if any, made by either the SELLER or the Broker(s): None

It is understood that this Agreement is contingent upon Seller's compliance with all Massachusetts laws, statutory and common law, relating to sales by fiduciaries, including a license to sell from the Probate Court.

### 26. MORTGAGE CONTINGENCY CLAUSE

Not applicable

## 27. CONSTRUCTION OF AGREEMENT

This instrument executed in multiple counterparts, is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and enures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be cancelled, modified or amended only by a written instrument executed by both the SELLER and the BUYER. If two or more persons are named herein as BUYER their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter or convenience and are not to be considered a part of this agreement or to be used in determining the intent or the parties to it.

## 28. LEAD PAINT LAW

The parties acknowledge that, under Massachusetts law, whenever a child or children under six years of age resides in any residential premises in which any paint, plaster or other accessible material dangerous levels of read, the owner of said premises must remove or cover said paint, plaster or other material so as to make it inaccessible to children under six years of age.

## 29. SMOKE DETECTORS

The SELLER shall, at the time of the delivery of the deed, deliver a certificate from the fire department of the city or town in which said premises are located stating that said premises have been equipped with approved smoke detectors in conformity with applicable law.

## 30. ADDITIONAL PROVISIONS

See initialed Rider A, attached hereto, which is incorporated by reference

FOR RESIDENTIAL PROPERTY CONSTRUCTED PRIOR TO 1978, BUYER MUST ALSO HAVE SIGNED LEAD PAINT "PROPERTY TRANSFER NOTIFICATION CERTIFICATION"

NOTICE: This is a legal document that creates binding obligations. If not understood, consult an attorney

BUYER
_____
Steven T. Byer

SSN: _____

_____
Paul W. Eysie
SSN: _____

SELLER
_____
Melissa R. Walter, Executrix of will of Doris M. Walter and not individually
EIN: 42-6641165

Hammond/GMAC
                    Broker(s)

FROM : AD+                    FAX NO. :617-859-3107           Jan. 22 2004 11:58AM P.1
Case 1:04-cv-10191-DPW   Document 4   Filed 02/20/2004   Page 10 of 11
Jan 22 04 10:13a    Eysie and ODonnell         7817621815           p.1
01/22/2004 09:22  6172378891         ABENDROTHBERNSWARNER      PAGE 02
01/22/2004 09:06 FAX  617 428 5590   OFFICE RESOURCES
01/22/2004 8:58   6172378891         ABENDROTHBERNSWARNER      ☒002/002
                                                               PAGE 02

## Amendment to Purchase & Sale Agreement

Melissa R. Walter, Executrix of the Will of Doris M. Walter, as Seller, and Steven T. Byer and Paul W. Eysie, as Buyers, under a certain Purchase and Sale Agreement dated November 14, 2003 (the "P&S"), with respect to the real property known as 25 Royal Road, Brookline, Massachusetts, hereby agree to amend the P&S as follows:

Section 8 ("Time for Performance; Delivery of Deed") is amended to read in its entirety as follows:

> Such deed is to be delivered at noon on March 26, 2004, at the Norfolk County Registry of Deeds or, at BUYER's election, the office of the BUYER's lender's attorney, unless otherwise agreed upon in writing. It is agreed that time is of the essence of this agreement.

In all other respects, the P&S, as amended, is hereby ratified and confirmed.

Further, it is hereby agreed that the Buyers will use their best efforts to obtain an appraisal of the subject property and delivery a copy of said appraisal to the Seller on or before February 13, 2004.

Signed under seal this 22 day of January 2004.

_____        _____
Melissa R. Walter, Executrix as         Steven T. Byer, Buyer
Aforesaid and not individually

                                        _____
                                        Paul W. Eysie, Buyer

Certificate of Service

I, Paul W. Eysie, hereby certify that I have mailed on this ___18th___ day of February, 2004 a copy of this <u>Notice of Claim</u> by first class mail, postage prepaid, to Jennifer H. Zacks, Assistant U.S. Attorney, United States Attorney's Office, Asset Forfeiture Unit, 1 Courthouse Way, Suite 9200, Boston, Massachusetts 02210.

_____
Paul W. Eysie