UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff,<br><br>v.<br><br>25 ROYAL ROAD,<br>BROOKLINE, MASSACHUSETTS,<br>Defendant. | Civil Action No. 04-10191-DPW |

ANSWER OF MELISSA WALTER TO
VERIFIED COMPLAINT FOR FORFEITURE IN REM

Pursuant to 21 U.S.C. § 881, 18 U.S.C. § 983(a)(4)(B), and Rule C(6)(a)(iii) of the Supplemental Rules for Certain Admiralty and maritime Claims, Melissa Walter, who herewith is filing a statement of interest in the property at 25 Royal Road, Brookline, Massachusetts ("the Property") as executrix of the estate of Doris M. Walter and in her individual capacity, hereby answers the numbered allegations in the Verified Complaint For Forfeiture In Rem ("the Complaint") as follows:

1. Paragraph 1 contains conclusions of law to which no answer is required. To the extent paragraph 1 contains allegations of fact, Ms. Walter admits those allegations.

2. Paragraph 2 contains conclusions of law to which no answer is required. To the extent paragraph 2 contains allegations of fact, Ms. Walter admits the allegations contained in the first and third sentences of paragraph 2. With respect to the allegations of fact contained in the second sentence of paragraph 2, Ms. Walter admits only that the title to the Defendant

Property is currently in the name of Doris M. Walter, and that Doris M. Walter died on May 16, 2003.

3. Paragraph 3 contains conclusions of law to which no answer is required. To the extent paragraph 3 contains allegations of fact, Ms. Walter admits those allegations.

4. Paragraph 4 contains conclusions of law to which no answer is required. To the extent that paragraph 4 contains allegations of fact, Ms. Walter denies those allegations.

5. Paragraph 5 contains conclusions of law to which no answer is required. To the extent that paragraph 5 contains allegations of fact, Ms. Walter denies those allegations.

### First Affirmative Defense

The government's claim fails because the Defendant Property is not subject to forfeiture.

### Second Affirmative Defense

The government's claim fails because Ms. Walter is an innocent owner, within the meaning of 18 U.S.C. § 983(d), of the Defendant Property, in her capacity as executrix of the will of her mother, Doris M. Walter, and/or in her individual capacity as a devisee with respect to the Defendant Property, insomuch as she "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property."

### Third Affirmative Defense

The government's claim fails because civil forfeiture of Ms. Walter's interest in the Defendant Property constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution.

2

WHEREFORE, Ms. Walter respectfully requests that this Court:

a.  Enter an Order that no judgment of forfeiture shall be decreed against the Defendant Property to the extent of Ms. Walter's interest in the Defendant Property as executrix of the will of Doris M. Walter, and/or to the extent of Ms. Walter's individual interest in the Defendant Property;

b.  Enter an Order for such costs and other relief to which Ms. Walter may be entitled.

Dated: February 27, 2004

MELISSA WALTER
By her attorneys,

Peter B. Krupp
B.B.O. #548112
Sara A. Laroche
B.B.O. #652479
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Tel. 617-367-1970

## CERTIFICATE OF SERVICE

I, Peter B. Krupp, certify that a true copy of this document was served on AUSA Jennifer H. Zacks, U.S. Attorney's Office, J. Joseph Moakley United States Courthouse, 1 Courthouse Way, Suite 9200, Boston, MA 02110, and on Paul W. Eysie, 853 Washington Street, Norwood, MA 02062, by first-class mail on February 27, 2004.

Peter B. Krupp