UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>        Plaintiff,   )<br>                           )<br>   v.                     )<br>                           )<br>25 ROYAL ROAD, BROOKLINE,   )<br>MASSACHUSETTS,                 )<br>       Defendant.    ) | Civil Action No. 04-10191-DPW |

**JOINT MOTION FOR INTERLOCUTORY SALE OF REAL PROPERTY LOCATED AT
25 ROYAL ROAD, BROOKLINE, MASSACHUSETTS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and the two parties that have filed claims in this case: Melissa R. Walter (a/k/a Melissa R. Mintzer), individually and as executrix for the estate of Doris Walter, by her attorney Peter B. Krupp; and Paul W. Eysie and Steven T. Byer, hereby jointly move that the Court enter an order, in the form attached, permitting the interlocutory sale of the defendant real property, 25 Royal Road, Brookline, Massachusetts (25 Royal Road),[1] with 50% of the proceeds to be deposited into the registry of the United States District Court for the District of Massachusetts and to be substituted as the defendant <u>res</u> in this civil forfeiture action. As grounds, the parties state:

---

[1] This description refers to the lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments and easements, located at 25 Royal Road, Brookline, Massachusetts, and more fully described in the deed dated July 21, 1980, recorded at the Norfolk County Registry of Deeds, Book 5755, Page 574.

1.   Until her death, on May 16, 2003, Doris M. Walter, the mother of Kurt Walter and Melissa Walter, was the owner of 25 Royal Road.  Pursuant to Doris Walter's will, Kurt Walter and Melissa Walter are the residuary beneficiaries, and Melissa Walter is the executrix of her estate.  The residuary clause of the will of Doris M. Walter (Article IV) provides for the residue of Doris Walter's estate, which includes 25 Royal Road, to be distributed in equal shares to Melissa Walter and Kurt Walter.

2.   On approximately June 30, 2003, probate proceedings for the estate of Doris M. Walter commenced in the Norfolk County Probate and Family Court (Docket No. 03P1509EP).  On approximately December 3, 2003, as part of the probate proceedings, Melissa Walter, in her capacity as executrix, filed a petition for a license to sell 25 Royal Road.  On approximately January 14, 2003, the United States filed an objection to the sale of 25 Royal Road.  The United States understands that the Probate and Family Court is aware of this civil action, and that 25 Royal Road is subject to a forfeiture claim under the jurisdiction of this Court.

3.   On January 27, 2004, the United States filed this civil forfeiture action, naming 25 Royal Road as the in rem defendant.  In this action, the United States alleges that 25 Royal Road is subject to forfeiture pursuant to 21 U.S.C. §881(a)(7) because it is "real property . . . used or intended to be used, in any manner or part, to commit, or to facilitate the commission of [a federal

2

drug offense]." This Court issued a monition on January 29, 2004.

    4.   In addition, prior to the filing of the civil forfeiture action, 25 Royal Road had also been named in a criminal indictment as a property forfeitable upon the conviction of the defendant, Kurt Walter. On December 4, 2003, a federal grand jury returned a six-count indictment charging Kurt Walter, among others, with the following: Conspiracy to Possess with Intent to Distribute, and to Distribute Marijuana (involving 100 kilograms or more), in violation of 21 U.S.C. §§846 and 841 (Count One); Possession with Intent to Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §841 (Counts Two through Five); and Money Laundering, in violation of 18 U.S.C. §1956(a)(1) (Count Six). The indictment contained two criminal forfeiture allegations, the first pursuant to 21 U.S.C. §853 (drug forfeiture) and the second pursuant to 18 U.S.C. §982 (money laundering forfeiture). The Court allowed the United States' motion for a <u>lis pendens</u> on 25 Royal Road, and, on December 5, 2003, the <u>lis pendens</u> was filed and recorded at the Norfolk County Registry of Deeds, Book 20281, Page 536 (Criminal Case No. 03-10370-DPW).

    5.   Prior to the filing of either the Indictment or the civil complaint, on November 14, 2003, Melissa Walter, in her capacity as executrix (the "Seller") entered into a purchase and sale agreement for 25 Royal Road with Steven T. Byer and Paul W. Eysie (the "Buyers") (attached as Exhibit A). The purchase and sale agreement

provided that the Buyers would pay a total purchase price of $765,000, with $77,500 paid prior to the delivery of the deed, and held in escrow by Hammond Residential/GMAC as escrow agent. The remaining $687,500 is to be paid at the time of closing, which is scheduled to occur on March 26, 2004.[2]

6. On February 2, 2004, an appraisal of 25 Royal Road was conducted by Andrew Effenson of Guaranty National Mortgage Corporation (attached as Exhibit B). This appraisal valued 25 Royal Road at $820,000, based on the information contained in the appraisal report.

7. The Buyers filed a verified statement in this civil forfeiture action on February 17, 2004, and, by their signatures below, consent to the sale of 25 Royal Road on the terms described below. However, under Massachusetts law, the Buyers have no ownership interest in 25 Royal Road. When a purchase and sale agreement has been executed, as in this civil forfeiture action, the seller retains the legal title to the property. Laurin v. DeCarlos Construction Co., Inc., 372 Mass. 688, 691 (1977). Under Massachusetts law the seller also has the exclusive right to possession of the property and the right to rents and profits. Id., citing Beal v. Attleborough Sav. Bank, 248 Mass. 342, 345 (1924). While a purchase and sale agreement may subject the seller

---

[2] Exhibit A indicates that the closing was scheduled to occur at noon on February 23, 2004. However, the closing date was rescheduled to March 26, 2004.

to an equitable obligation to convey property to the buyer, the buyer maintains contractual rights under the purchase and sale agreement rather than rights of ownership of real property. Laurin, 372 Mass. at 691; McDonnell v. Quirk, 22 Mass.App.Ct. 126, 130 (1986). Therefore, in this civil forfeiture action the Buyers have contract rights under the purchase and sale agreement rather than any rights of ownership of 25 Royal Road.

8. On February 27, 2004, Melissa Walter, by her attorney, filed an answer to the Complaint for Forfeiture in rem with this Court. Also on this date, Melissa Walter filed a verified statement, claiming an interest in 25 Royal Road. While her verified statement did not quantify the amount of her interest, her counsel has clarified that Melissa Walter claims that she has a legal interest to, at most, 50% of 25 Royal Road, or any proceeds thereof.

9. On February 13, 2004, William J. Cintolo, Kurt Walter's attorney, was served with the Complaint for Forfeiture in rem and the monition. In addition, on February 17, 2004, February 24, 2004, and March 2, 2004, pursuant to this Court's monition, the Government published in the Boston Herald of its intent to forfeit 25 Royal Road. Pursuant to 18 U.S.C. §983(a)(4)(A) and Rule C(6)(a) of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims, any person with an interest in property subject to an in rem forfeiture action must

5

file a claim to such property within 30 days of the date of service or publication of the Government's complaint.

    10.   To this date, neither Kurt Walter, nor any other party, has filed a claim to the remaining 50% interest in 25 Royal Road. Under Massachusetts law, the Buyers' interest encompass contract rights under the purchase and sale agreement, rather than rights of ownership of 25 Royal Road. See Laurin, 372 Mass. at 691; McDonnell, 22 Mass.App.Ct. at 130. In addition, Kurt Walter has stated, through counsel, that he does not plan to file a verified statement in this civil action. If, as expected, no party timely files a verified statement claiming an interest in the remaining 50%, the United States intends to move for entry of default and for default judgment, with the unclaimed 50% being forfeited to the United States. The remaining 50% of the sale proceeds of 25 Royal Road shall be deposited with the Registry of the Court until the conclusion of all forfeiture proceedings, as described below.

    11.   A number of statutory provisions permit the Court to authorize the interlocutory sale of property alleged to be subject to forfeiture, with the proceeds to be retained by the Court pending the conclusion of the forfeiture proceedings. Pursuant to 18 U.S.C. §983(j)(1), in a civil forfeiture action, the Court, upon application of the United States, may take any "action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture." 18 U.S.C. §983(j)(1). An analogous

provision applies in the criminal context, authorizing the Court to take any action "to preserve the availability of property" that has been named in an indictment as subject to forfeiture in the event of a conviction. 21 U.S.C. §853(e)(1)(A); 18 U.S.C. §982(b)(1). Similarly, Rule E(10) of the Supplemental Rules for Certain Admiralty and Maritime Claims, provides that, upon application, while a forfeiture action is pending, a Court may take any action necessary to preserve the availability of property for forfeiture.

    12.  The parties jointly state that, under all of the present circumstances, an order allowing the proposed sale of 25 Royal Road to go forward, with the remaining proceeds contested only by Melissa Walter to be held by the Court, will aid in preserving the availability of the property for forfeiture. The parties agree that the interlocutory sale of 25 Royal Road will take place on the following terms:

    a.  25 Royal Road will be sold as provided for in the purchase and sale agreement, for a total purchase price of $765,000;

    b.  The Seller shall provide the U.S. Attorney's Office and U.S. Marshals Service with all information related to the purchase and sale of the Property, including the date, time, and location of the closing;

    c.  Immediately following the closing of the sale of 25

        Royal Road, a certified check, payable to "U.S. Marshals Service", in the amount of the Net Proceeds from such sale, shall be delivered by overnight courier by the Seller to the U.S. Marshals Service at 1 Courthouse Way, Boston, Massachusetts 02210, ATTN: Mary Magno, Property Management Specialist.  As referenced in this paragraph 12(c), the term "Net Proceeds" means the sales price of $765,000.00, less the costs of the sale totaling approximately $42,306.40.  <u>See</u> list of estimated itemized expenses, as estimated by the Seller, attached as Exhibit C;

d.    Each party shall pay its own attorney's fees;

e.    In the event that, as expected, no party files a verified claim of interest to the remaining 50% of the Net Proceeds, the United States will file a motion for default and a motion for default judgment, forfeiting that portion to the United States;

f.    The remaining 50% of the Net Proceeds of the sale, that is, the 50% to which Melissa Walter has filed a verified statement, will be held in the Registry of the Court, to be placed into an interest-bearing account known as the United States Courts Court

        Registry Investment System (CRIS);

g.    The 50% of the Net Proceeds of the sale held in the Registry of the Court, following a judgment of forfeiture of the unclaimed 50% to the United States, will be substituted for 25 Royal Road as the *in* *rem* defendant in this civil forfeiture action, and neither the United States nor Melissa Walter will be prejudiced, nor will their rights or interests be altered by such substitution, and;

h.    At the conclusion of all forfeiture proceedings relating to 25 Royal Road, including civil, criminal and any ancillary proceedings, the monies in the Registry of the Court will be disbursed pursuant to further order of the Court.

13.    The parties agree that this motion may be filed with counterpart signature pages.

The parties therefore jointly move that the Court enter the attached order, authorizing the interlocutory sale of 25 Royal Road on the terms described above.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jennifer H. Zacks
JENNIFER H. ZACKS
Assistant U.S. Attorney
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date:


/s/ Peter B. Krupp
PETER B. KRUPP, ESQ.
BBO# 548112
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
(617) 367-1970

Date:


/s/ Paul W. Eysie                    /s/ Steven T. Byer
PAUL W. EYSIE                        STEVEN T. BYER
853 Washington Street                1443 Beacon Street, #408
Norwood, MA 02062                    Brookline, MA 02446
(781) 762-6607

Date:                                Date:

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing Joint Motion for Interlocutory Sale of Real Property located at 25 Royal Road, Brookline, Massachusetts, was served upon the following individuals by first class mail, postage prepaid:

Peter B. Krupp, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109
Also by facsimile: 617-367-1971

Paul W. Eysie
853 Washington Street
Norwood, MA 02062
Also by facsimile: 781-762-1815

Steven T. Byer
1443 Beacon Street
Brookline, MA  02446


                                    /s/ Jennifer H. Zacks
                                    Jennifer H. Zacks
                                    Assistant U.S. Attorney

Date: