```
                UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff,   )<br>       )<br>   v.                 )<br>       )<br>25 ROYAL ROAD, BROOKLINE, )<br>MASSACHUSETTS.           )<br>        Defendant.   ) | Civil Action No. 04-10191-DPW |

## UNITED STATES' MOTION FOR ENTRY OF DEFAULT AGAINST KURT WALTER

The United States of America, by and through its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby requests that a default be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against Kurt Walter, who has a 50% interest in the defendant property, 25 Royal Road, Brookline, Massachusetts (25 Royal Road), for failure to file a verified statement or otherwise to defend, as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

In support of this motion, the United States submits:

1.   On January 27, 2004, the United States filed a Complaint for Forfeiture in Rem, naming 25 Royal Road as the defendant property (the Complaint). This Court issued a monition on January 29, 2004. On February 17, 2004, February 24, 2004, and March 2, 2004, pursuant to this Court's monition, the United States published in the Boston Herald of its intent to forfeit 25 Royal Road.

2. As further detailed in the attached Affidavit of Assistant U.S. Attorney Jennifer H. Zacks in support of the United States' motion, Kurt Walter and his sister, Melissa Walter each possess a 50% interest in 25 Royal Road.

3. On February 27, 2004, Melissa Walter, by her attorney, filed an answer to the Complaint. On the same date, Melissa Walter filed a verified statement claiming an interest in 25 Royal Road. While her verified statement did not quantify the amount of her interest, her counsel has clarified that Melissa Walter claims that she has a legal interest to, at most, 50% of 25 Royal Road, or any proceeds thereof. To date, March 23, 2004, no other claims have been filed to the other 50% interest of 25 Royal Road. The United States is aware of no other individual with an interest in 25 Royal Road, other than Kurt Walter and Melissa Walter.[1] As they are the only individuals believed to have an interest in 25 Royal Road, the United States does not expect any other verified statements to be filed.

4. On February 13, 2004, Kurt Walter was served with the Complaint for Forfeiture <u>in</u> <u>Rem</u> and the monition by service through

---

[1] The parties filed a Joint Motion for Interlocutory Sale of 25 Royal Road on March 22, 2004. Prior to the filing of this civil forfeiture action a purchase and sale agreement for 25 Royal Road was signed, and the closing is scheduled for March 26, 2004. The Buyers, who join the United States in the Motion for Interlocutory Sale, filed a verified statement in this civil forfeiture action. However, under Massachusetts law, the Buyers' interest encompass contract rights under the purchase and sale agreement, rather than rights of ownership of 25 Royal Road.

his attorney, William J. Cintolo, by certified mail. To date, March 23, 2004, Kurt Walter has not filed a verified statement claiming any interest in 25 Royal Road, and the time to file such statement under Supplemental Rule C(6), as described below, expired on March 15, 2004.

    5. Under Supplemental Rule (C)(6), for a party to participate as a claimant in an <u>in Rem</u> civil forfeiture action such as this one, he is required to file a verified statement, signed under oath asserting an interest in the defendant property, within thirty (30) days after either (1) the date of service of the Government's complaint, or (2) completed publication of notice, whichever is earlier. The filing of a verified statement is "no mere procedural technicality." <u>United States v. $23,000 in United States Currency</u>, 356 F.3d 157, 163 (1st Cir. 2004). The verified statement serves as "a prerequisite to the right to . . . defend on the merits." <u>Id</u>. (citing <u>United States v. One Dairy Farm</u>, 918 F.2d 310, 311 (1st Cir. 1990)); see <u>United States v. One-Sixth Share of James J. Bulger In All Present And Future Proceeds Of Mass Millions Lottery Ticket No. M246233</u>, 326 F.3d 36, 40-41 (1st Cir. 2003)(failure to file a timely verified claim disqualifies putative claimant from participating in civil forfeiture action). Kurt Walter, through his attorney, was served with the Complaint and the monition on February 13, 2004. The time within which to file a verified statement under Supplemental Rule C(6) expired 30 days

3

later, on March 15, 2004. Since Kurt Walter did not file a timely verified statement claiming his 50% interest in 25 Royal Road, he may not participate in this civil forfeiture action.

6. For the reasons stated above, at this time the United States requests that this Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, enter a default against Kurt Walter for failure to file a timely verified statement as provided for in Supplemental Rule C(6).

A proposed order entering a default against Kurt Walter is attached for consideration of the Court.

                                  Respectfully submitted,

                                  MICHAEL J. SULLIVAN
                                United States Attorney

                        By:  /s/ Jennifer H. Zacks
                                JENNIFER H. ZACKS
                                Assistant U.S. Attorney
                                Suite 9200
                                1 Courthouse Way
                                Boston, MA 02210
                                (617) 748-3100

                                Date: March 23, 2004

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing Motion For Entry of Default Against Kurt Walter's Interest in 25 Royal Road, was served upon the following individuals by first class mail, postage prepaid:

William J. Cintolo, Esq.
Cosgrove, Eisenberg & Kiley, P.C.
One International Place
Suite 1820
Boston, MA 02210

Valerie S. Carter, Esq.
Carter & Doyle, LLP
Russia Wharf West
530 Atlantic Avenue, 3rd Floor
Boston, MA 02210

Peter B. Krupp, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

Paul W. Eysie
853 Washington Street
Norwood, MA 02062

Steven T. Byer
1443 Beacon Street
Brookline, MA  02446

                                                    /s/ Jennifer H. Zacks
                                                    Jennifer H. Zacks
                                                    Assistant U.S. Attorney

Date: