```
               UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS
```

```
UNITED STATES OF AMERICA,        )
               Plaintiff,        )
                                 )
          v.                     )     Civil Action No. 04-10191-DPW
                                 )
25 ROYAL ROAD, BROOKLINE,        )
MASSACHUSETTS.                   )
               Defendant.        )
```

## AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AGAINST KURT WALTER

I, Jennifer H. Zacks, state under oath as follows:

1.    I am an Assistant United States Attorney.  I represent the plaintiff, the United States of America, in this case.  This is an action in Rem for forfeiture of the defendant property, 25 Royal Road, Brookline, Massachusetts (25 Royal Road).  Accordingly, this action is governed by the procedures set forth in the Federal Rules of Civil Procedure and in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

2.    Until her death, on May 16, 2003, Doris M. Walter, the mother of Kurt Walter and Melissa Walter, was the owner of 25 Royal Road.  Pursuant to Doris Walter's will, Kurt Walter and Melissa Walter are Doris Walter's heirs, and Melissa Walter is the executrix of her estate.  The residuary clause of the will of Doris Walter (Article IV) provides for the residue of Doris Walter's estate, which includes 25 Royal Road, to be distributed in equal shares to Melissa Walter and Kurt Walter.  The United States is aware of no other individual with an interest in 25 Royal Road,

other than Kurt Walter and Melissa Walter.

3.    The Complaint for Forfeiture in Rem was filed on January 27, 2004, alleging that 25 Royal Road is subject to forfeiture pursuant to 21 U.S.C. §881(a)(7) because it is "real property ... used or intended to be used, in any manner or part, to commit, or to facilitate the commission of [a federal drug offense]."

4.    In addition, prior to the filing of the civil forfeiture action, 25 Royal Road had also been named in a criminal indictment (United States v. Douglas Bannerman, et al; 03-10370-DPW) as property forfeitable upon the conviction of the defendant, Kurt Walter.  On December 4, 2003, a federal grand jury returned a six-count indictment charging Kurt Walter, among others, with the following: Conspiracy to Possess with Intent to Distribute, and to Distribute Marijuana (involving 100 kilograms or more), in violation of 21 U.S.C. §§846 and 841 (Count One); Possession with Intent to Distribute and Distribution of Marijuana, in violation of 21 U.S.C. §841 (Counts Two through Five); and Money Laundering, in violation of 18 U.S.C. §1956(a)(1) (Count Six).  The indictment contained two criminal forfeiture allegations, the first pursuant to 21 U.S.C. §853 (drug forfeiture) and the second pursuant to 18 U.S.C. §982 (money laundering forfeiture).

5.    This Court issued a monition in this civil forfeiture action on January 29, 2004.  On February 17, 2004, February 24, 2004, and March 2, 2004, pursuant to this Court's monition, the

Government published in the <u>Boston</u> <u>Herald</u> its intent to forfeit 25 Royal Road.   A copy of the process receipt and return for publication is attached as <u>Exhibit A</u>.

6.   On February 27, 2004, Melissa Walter, by her attorney, filed an answer to the Complaint for Forfeiture <u>in</u> <u>Rem</u> with this Court.   Also on this date, Melissa Walter filed a verified statement, claiming an interest in 25 Royal Road.   While her verified statement did not quantify the amount of her interest, her counsel has clarified that Melissa Walter claims that she has a legal interest to, at most, 50% of 25 Royal Road, or any proceeds thereof.

7.   Kurt Walter was served with the Complaint for Forfeiture <u>in</u> <u>Rem</u> and the monition by service through his attorney, William J. Cintolo, by certified mail on February 13, 2004.   A copy of the receipt and return for service is attached as <u>Exhibit B</u>.[1]

8.   Under Supplemental Rule (C)(6), any person asserting an interest in 25 Royal Road is required to file a verified statement within thirty (30) days after either (1) the date of service of the Government's complaint, or (2) completed publication of notice, whichever is earlier.   Under Supplemental Rule C(6), the person

---

[1] Out of an abundance of caution, the United States also served the Complaint for Forfeiture <u>in</u> <u>Rem</u> and the monition to all other attorneys who filed an appearance on Kurt Walter's behalf in the related criminal case: John E. Wall, Esq., and; Valerie S. Carter, Esq.  Copies of the receipts and returns for service are attached as <u>Exhibit C</u>.

must also file an answer within twenty (20) days after filing of the verified statement.  Kurt Walter, through his attorney, was served with the Complaint for Forfeiture <u>in</u> <u>Rem</u> and the monition on February 13, 2004.  The time within which to file a verified statement under Supplemental Rule C(6) expired on March 15, 2004.

9.  To date, March 23, 2004, Kurt Walter has not filed a verified statement claiming the remaining 50% interest in 25 Royal Road and the 30 days after the date of service of the Government's Complaint for Forfeiture <u>in</u> <u>Rem</u> has expired.

10.  To the best of my knowledge, and upon information and belief, Kurt Walter is not in the military service of the United States, is not an infant, nor is he incompetent.[2]

Signed under the pains and penalties of perjury this <u>23</u><u>rd</u> day of March, 2004.

> /s/ Jennifer H. Zacks
> Jennifer H. Zacks,
> Assistant U.S. Attorney

---

[2] In order to determine Kurt Walter's military status, the United States searched the Department of Defense Manpower Data Center using Kurt Walter's name and social security number.