UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff,  ) | |
| ) | |
|    v.                          ) | Civil Action No. 04-10191-DPW |
| ) | |
| $722,767.41 AS SUBSTITUTE RES ) | |
| FOR 25 ROYAL ROAD, BROOKLINE, ) | |
| MASSACHUSETTS.                ) | |
|       Defendant.     ) | |

### UNITED STATES' MOTION FOR ENTRY OF DEFAULT

The United States of America, by and through its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby requests that a default be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure against all parties that failed to file a verified statement or otherwise defend, as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as to 50% of the defendant property, $722,767.41 as substitute res for 25 Royal Road, Brookline, Massachusetts (25 Royal Road).

In support of this motion, the United States submits:

1.   On March 23, 2003, the United States filed a Motion for Entry of Default against Kurt Walter's 50% interest in 25 Royal Road, for failure to file a verified statement or otherwise defend, as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, attached as Exhibit 1.  As detailed in that motion, Kurt Walter and Melissa Walter each held a 50% interest in 25 Royal Road.  However, the only parties that filed

verified statements claiming an interest in 25 Royal Road, pursuant to Supplemental Rule C, were Melissa Walter and, Paul Eysie and Steven Byer. As detailed in Exhibit 1, Paul Eysie and Steven Byer (the Buyers) filed a verified statement because they had entered into a purchase and sale agreement for 25 Royal Road prior to this civil forfeiture action[1].

2. On March 26, 2004, this Court entered a default against Kurt Walter, attached as Exhibit 2.

3. At this time, the United States requests that this Court enter a default against all parties that failed to file a verified statement or otherwise defend, as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. The United States completed its published notice in the Boston Herald of its intent to forfeit 25 Royal Road on March 2, 2004, and the time to file a verified statement in response to the Government's published notice has expired.

4. On January 27, 2004, the United States filed a Complaint for Forfeiture in Rem, naming 25 Royal Road as the defendant property (the Complaint). This Court issued a monition on January 29, 2004. On February 17, 2004, February 24, 2004, and March 2, 2004, pursuant to this Court's monition, the United States

---

[1] Under Massachusetts law, the Buyers interest encompass contract rights under the purchase and sale agreement, rather than rights of ownership of 25 Royal Road. See Laurin v. DeCarlos Construction Co., Inc., 372 Mass. 688, 691 (1977); McDonnell v. Quirk, 22 Mass.App.Ct. 126, 130 (1986).

2

published in the Boston Herald of its intent to forfeit 25 Royal Road.

5.   As further detailed in the attached Affidavit of Assistant U.S. Attorney Jennifer H. Zacks in support of the United States' Motion for Entry of Default, to date, April 6, 2004, no other party has claimed an interest in 25 Royal Road and the time to do so has expired.

6.   Under Supplemental Rule (C)(6), for a party to participate as a claimant in an in Rem civil forfeiture action such as this one, he is required to file a verified statement, signed under oath asserting an interest in the defendant property, within thirty (30) days after either (1) the date of service of the Government's complaint, or (2) completed publication of notice, whichever is earlier.  The filing of a verified statement is "no mere procedural technicality." United States v. $23,000 in United States Currency, 356 F.3d 157, 163 (1st Cir. 2004).  The verified statement serves as "a prerequisite to the right to . . . defend on the merits." Id. (citing United States v. One Dairy Farm, 918 F.2d 310, 311 (1st Cir. 1990)); see United States v. One-Sixth Share of James J. Bulger In All Present And Future Proceeds Of Mass Millions Lottery Ticket No. M246233, 326 F.3d 36, 40-41 (1st Cir. 2003)(failure to file a timely verified claim disqualifies putative claimant from participating in civil forfeiture action).  The United States completed its publication of notice in the Boston

Herald on March 2, 2004, so as to provide any potential party with notice of this civil forfeiture action. The time within which to file a verified statement under Supplemental Rule C(6) expired 30 days later, on April 2, 2004. Since other parties did not file a timely verified statement claiming the remaining 50% interest in 25 Royal Road, other parties may not participate in this civil forfeiture action.

7.  The United States, Melissa Walter, and the Buyers filed a Joint Motion for Interlocutory Sale of 25 Royal Road on March 22, 2004, which this Court allowed. The purchase and sale of 25 Royal Road occurred on March 26, 2004, with the net sale proceeds of $722,767.41 forwarded to the United States Marshals Service (USMS), and substituted as the defendant res in this civil forfeiture action pursuant to order of this Court. At the purchase and sale, title to 25 Royal Road was conveyed to the Buyers.

8.  For the reasons stated above, at this time the United States requests that this Court, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, enter a default against all other parties claiming an interest in 25 Royal Road for failure to file a timely verified statement as provided for in Supplemental Rule C(6).

A proposed order entering a default against all other parties is attached for consideration of the Court.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                                /s/
        By:  _____
                                JENNIFER H. ZACKS
                                Assistant U.S. Attorney
                                Suite 9200
                                1 Courthouse Way
                                Boston, MA 02210
                                (617) 748-3100

                                Date: April 6, 2004

**CERTIFICATE OF SERVICE**

    I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing Motion For Entry of Default was served upon the following individuals by first class mail, postage prepaid:

William J. Cintolo, Esq.
Cosgrove, Eisenberg & Kiley, P.C.
One International Place
Suite 1820
Boston, MA 02210

Valerie S. Carter, Esq.
Carter & Doyle, LLP
Russia Wharf West
530 Atlantic Avenue, 3rd Floor
Boston, MA 02210

Peter B. Krupp, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

Paul W. Eysie
853 Washington Street
Norwood, MA 02062

Steven T. Byer
1443 Beacon Street
Brookline, MA  02446

                                        /s/
                                    _____
                                    Jennifer H. Zacks
                                    Assistant U.S. Attorney

Date: April 6, 2004