UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )
      v.                        )     Civil Action No. 04-10191-DPW
                                )
$722,767.41 AS SUBSTITUTE RES   )
FOR 25 ROYAL ROAD, BROOKLINE,   )
MASSACHUSETTS.                  )
            Defendant.          )
```

**AFFIDAVIT IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT**

I, Jennifer H. Zacks, state under oath as follows:

1.    I am an Assistant United States Attorney.  I represent the plaintiff, the United States of America, in this case.  This is an action in Rem for forfeiture of the defendant property, $722,767.41 as substitute res for 25 Royal Road, Brookline, Massachusetts (25 Royal Road).

2.    Until her death, on May 16, 2003, Doris M. Walter, the mother of Kurt Walter and Melissa Walter, was the owner of 25 Royal Road.  Pursuant to Doris Walter's will, Kurt Walter and Melissa Walter are Doris Walter's heirs, and Melissa Walter is the executrix of her estate.  The residuary clause of the will of Doris Walter (Article IV) provides for the residue of Doris Walter's estate, which includes 25 Royal Road, to be distributed in equal shares to Melissa Walter and Kurt Walter.  The United States is aware of no other individual with an interest in 25 Royal Road, other than Kurt Walter and Melissa Walter.

3.    The Complaint for Forfeiture in Rem was filed on January

27, 2004, alleging that 25 Royal Road is subject to forfeiture pursuant to 21 U.S.C. §881(a)(7) because it is "real property ... used or intended to be used, in any manner or part, to commit, or to facilitate the commission of [a federal drug offense]."

4. This Court issued a monition in this civil forfeiture action on January 29, 2004. On February 17, 2004, February 24, 2004, and March 2, 2004, pursuant to this Court's monition, the Government published in the Boston Herald its intent to forfeit 25 Royal Road. A copy of the process receipt and return for publication is attached as Exhibit A.

5. On February 17, 2004, Paul Eysie and Steven Byer (the Buyers) filed a verified statement because they had entered into a purchase and sale agreement for 25 Royal Road prior to this civil forfeiture action. However, under Massachusetts law, the Buyers' interest encompass contract rights under the purchase and sale agreement, rather than rights of ownership of 25 Royal Road. See Laurin v. DeCarlos Construction Co., Inc., 372 Mass. 688, 691 (1977); McDonnell v. Quirk, 22 Mass.App.Ct. 126, 130 (1986).

6. On February 27, 2004, Melissa Walter, by her attorney, filed a verified statement, claiming an interest in 25 Royal Road. While her verified statement did not quantify the amount of her interest, her counsel has clarified that Melissa Walter claims that she has a legal interest to, at most, 50% of 25 Royal Road, or any proceeds thereof.

7.   On March 23, 2003, the United States filed a Motion for Entry of Default against Kurt Walter, for failure to file a verified statement or otherwise defend, as provided for in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.  On March 26, 2004, this Court entered a default against Kurt Walter.

8.   To date, April 6, 2004, no other party has filed a verified statement as to 25 Royal Road, and the time to file such statement has expired.

9.   Under Supplemental Rule (C)(6), any person asserting an interest in 25 Royal Road is required to file a verified statement within thirty (30) days after either (1) the date of service of the Government's complaint, or (2) completed publication of notice, whichever is earlier.  Under Supplemental Rule C(6), the person must also file an answer within twenty (20) days after filing of the verified statement.  The United States completed its publication of notice in the Boston Herald on March 2, 2004.  The time within which to file a verified statement under Supplemental Rule C(6) expired on April 2, 2004.

10.  To date, April 6, 2004, other parties have not filed a verified statement claiming the remaining 50% interest in 25 Royal Road and the 30 days after the Government's completed publication of notice has expired.

11.  To the best of my knowledge, and upon information and

belief, there are no other parties with an interest in 25 Royal Road that are infants, incompetent, or in the military service of the United States.

    Signed under the pains and penalties of perjury this <u>6th</u> day of April, 2004.

                                                        _____/s/_____
                                                      Jennifer H. Zacks,
                                                      Assistant U.S. Attorney