UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>25 ROYAL ROAD, BROOKLINE, MA,<br>Defendant. | )<br>)<br>) Civil Action No.<br>) 04-10191-DPW<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO FILE LATE CLAIM AND MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Pursuant to Federal Rule of Civil Procedure 6(b) and Supplemental Rule C(6)(a)(i)(B)[1], claimant, Kurt Walter ("Mr. Walter" or "claimant"), hereby moves for leave to file a late claim by verified statement and answer in the above-captioned *in rem* action. Mr. Walter states as grounds for this motion that it was the understanding of his counsel ("claimant counsel") that the estate of Doris M. Walter, which holds title to 25 Royal Road, Brookline, MA (the "Defendant Property"), and estate's executrix, Melissa Walter ("Ms. Walter" or "executrix"), would oppose the United States in this forfeiture action on behalf of the *entire* interests of the estate which included all the interests of Mr. Walter in the Defendant Property. The executrix has instead allowed Mr. Walter's interest to be forfeited in this matter. Mr. Walter, therefore, must assert his interests in the Defendant Property separate and apart from the estate and respectfully requests that, for the reasons as summarized above and set forth in more detail below, this Court grant leave to file a late claim.

---

[1] This rule is from the Supplemental Rules for Certain Admiralty and Maritime Claims.

1

**FACTUAL BACKGROUND**

The house located at the Defendant Property was owned by Mr. Walter's mother, Doris M. Walter, who lived there until her death on May 16, 2003. Pursuant to her will, her entire estate, including the Defendant Property, is to be divided between her son, Mr. Walter, and her daughter Melissa Walter. Doris M. Walter's will designates Ms. Walter as the executrix of the estate. The estate, as far as can be ascertained, presently holds title to the Defendant Property. Mr. Walter's property interest in the Defendant Property is only as a residuary legatee designated in the will. Affidavit of William Cintolo (hereinafter "Cintolo Aff."), ¶ 2.

With these facts in mind, upon receiving the Verified Complaint for Forfeiture In Rem and Monition on February 6, 2004, claimant counsel contacted the attorney for the estate of Doris M. Walter in this *in rem* action ("estate counsel"). Cintolo Aff., ¶¶ 3-4. Estate counsel indicated that the estate planned to sell the Defendant Property and place the resulting sale proceeds in escrow to be divided according to the will once the estate passed through the probate process. Cintolo Aff., ¶ 4. Claimant counsel understood that the estate would protect its *entire* interests, including Mr. Walter's interest as residuary legatee, in challenging the United States' forfeiture action. Id. Claimant counsel further understood that the estate would file a verified statement of claim and answer that would protect not just Ms. Walter's 50% interest in the Defendant Property, but also Mr. Walter's 50% interests. Id. Based on this understanding, claimant counsel did not file a verified statement of claim and answer pursuant to Supplemental Rule C(6). Id.

2

Estate counsel filed a verified statement of claim and answer in the *in rem* action against the Defendant Property. Cintolo Aff., ¶ 5. Estate counsel however did not assert a claim for Mr. Walter's 50% interest, but only asserted a claim for Ms. Walter's 50% interest. Id. Claimant counsel did not receive a copy of this verified statement and answer until April 7, 2004. Id.

On March 24, 2004 claimant counsel received notice that the United States had moved for entry of default against Mr. Walter. Id. This notice was the first indication that Mr. Walter's 50% interest as an heir was unprotected by the executrix. Id. Claimant counsel was on trial in another matter for the last week in March. Cintolo Aff., ¶ 6. On April 2, 2004 claimant counsel called the Assistant United State Attorney (the "AUSA") on this case and explained the situation, and asked that the government allow Mr. Walter to file a late claim to the property. Id. The AUSA declined to allow a late claim. Consequently, counsel for Walter files this motion for leave to file a late claim. Id.

**ARGUMENT**

I. **The court should grant Mr. Walter leave to file a claim because the facts demonstrate excusable neglect in claimant counsel's reasonable and detrimental reliance on an understanding with estate counsel regarding the need for Mr. Walter to file a claim separate from the estate in this *in rem* action.**

The court should grant Walter leave to file a late claim because the facts demonstrate excusable neglect as claimant counsel reasonably and detrimentally relied on representation of estate counsel to protect the interests of the estate as a whole,

3

which would include Mr. Walter's interest. This reliance was supported by the fiduciary duty of the executrix to an estate's legatees.

A court will grant leave to file a late claim when claimant demonstrates excusable neglect or other mitigating factors. United States v. Borromeo, 945 F.2d 750, 753 (4th Cir.1991) (court found that, based on the equities of the case and the fact the government was not prejudiced, claimant showed excusable neglect in failing to file timely claim in forfeiture proceeding). In determining whether the claimant has demonstrated excusable neglect a court conducts an equitable inquiry and considers all the relevant circumstances justifying the untimely filing. Bennett v. City of Holyoke, 2004 WL 548903 (1st Cir.(Mass.)) (court upheld district court's equitable determination, giving due regard to the totality of the relevant circumstances surrounding the movant's lapse, that there was excusable neglect") (copy attached at Tab A); United States v. Estevez, 845 F.2d 1409, 1411 (7th Cir.1988) (court found excusable neglect when claimant demonstrated that, given equitable considerations, it was not clear that claimant's property interest was at stake in the forfeiture proceeding).

In the instant case, it was not clear that claimant's property interests as residuary legatee would be left vulnerable to the United States' vulpine forfeiture maneuvers. Mr. Walter had no indication that his interests in the estate would be bargained away by the executrix until after the United States filed a motion for entry of default on March 23, 2004. The next day claimant counsel received a copy of the motion for entry of default and immediately took steps to discover the cause of the problem and what must be done to protect Mr. Walter's interest in the property. Claimant counsel called estate counsel to discuss and clarify their previous understanding. To claimant counsel's surprise,

4

estate counsel at that time indicated that it was his understanding that Ms. Walter, the executrix, would *not* protect claimant's 50% interest in the Defendant Property. By this time, the thirty (30) day deadline for filing a verified statement of claim had passed. Claimant counsel subsequently sought agreement from the United States to file a late claim. The United States declined to agree to a late filing, and claimant counsel took action to establish leave to file a late claim.

Claimant counsel's actions were reasonable particularly in light of Massachusetts probate law. In a forfeiture action, a court looks to state law to determine the "existence and extent" of a claimant's property interest. United States v.1980 Lear Jet, Model 35A, Serial No. 277, 38 F.3d 398, 402 (9th Cir. 1994). In Massachusetts, the relationship between an executrix and legatees under a will is fiduciary in character, and requires the executrix to conduct its dealings with the legatees in the utmost good faith and to exercise reasonable diligence to protect their interests. Comstock v. Bowles, 3 N.E.2d 817, 821 (Mass.1936) (court states that duties of administrator [or executor] are strictly fiduciary in nature). Furthermore, under Massachusetts law, an individual heir or beneficiary is obliged to defer to the estate in certain litigated matters except where and when executor or administrator refuses to take the necessary action on behalf of the estate. See e.g., M.G.L. c. 230, § 5; Schleifstein v. Greenstein, 401 N.E.2d 379, 381-82 (Mass.1980) (legatee brought action to recover partial assets of estate only after administrator refused to litigate matter).

In this case, claimant counsel had no reason to anticipate that the estate would not take the necessary action on behalf of the entire estate and instead would just protect Ms. Walter's interest. If claimant counsel had understood Mr. Walter's interest to be

forfeitable apart from the estate, then claimant counsel would have filed a verified statement of claim on behalf of Mr. Walter's interest, stating meritorious defenses for challenging the forfeiture. Therefore, Mr. Walter requests the court's leave to file a late claim. There is no evidence the United States will be prejudiced by the late filing of a verified statement of claim. For example, the United States will not be subject to duplicative litigation. Moreover, the court in granting the motion for leave to file a late claim, will not thwart the goals of Supplemental Rule C(6), which is to force claimants to come forward as soon as possible in order to resolve any disputes without delay. Here, the claimant has come forward as soon as claimant counsel discovered his client's interests were unprotected and has acted diligently to protect those interests.

Given the totality of the circumstances detailed above, claimant counsel has demonstrated excusable neglect and thus requests the Court to grant the motion for leave to file a late claim.

                                                Respectfully submitted,
                                                Kurt Walter
                                                By his attorneys

                                                */s/ William Cintolo*
                                                William Cintolo (BBO# 084120)
                                                Nicholas A. Kenney (BBO# 650784)
                                                COSGROVE, EISENBERG & KILEY, P.C.
                                                One International Place, Suite 1820
                                                Boston, MA 02110
                                                617.439.7775
                                                617.330.8774 (fax)

Dated: April 7, 2004