UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>25 ROYAL ROAD, BROOKLINE, MA,<br>Defendant. | )<br>)<br>) Civil Action No.<br>) 04-10191-DPW<br>)<br>)<br>)<br>) |

### AFFIDAVIT OF WILLIAM CINTOLO

I, William Cintolo, hereby depose and state as follows:

1. I am counsel for Kurt Walter, the claimant in the above-captioned *in rem* action. I am also counsel for Kurt Walter in the criminal case underlying this *in rem* action.

2. On information and belief, the real property located at 25 Royal Road, Brookline, MA (the "Defendant Property") was owned by Kurt Walter's mother, Doris M. Walter, who lived there until her death on May 16, 2003. On information and belief, the estate of Doris M. Walter now holds title to the Defendant Property. On information and belief, pursuant to her will, her entire estate, including the Defendant Property, is to be divided between her son Kurt, and her daughter Melissa Walter (a/k/a Melissa Mintzer). On information and belief, the will designates Ms. Walter as the executrix of the estate.

3. On February 6, 2004, I was served with a copy of the Verified Complaint for Forfeiture In Rem and Monition in the above-captioned action. These documents did not indicate that Kurt Walter's "interest" in the Defendant Property would be singled out for forfeiture.

1

4. When I received the Verified Complaint for Forfeiture In Rem and Monition on February 6, 2004, I contacted the attorney for the executrix of Doris M. Walter's estate. The counsel for the executrix in this *in rem* action is Peter Krupp. Mr. Krupp indicated that the estate planned to sell the property and put the sale proceeds in escrow to be divided according to the will once the estate passed through the probate process. As a result of my conversation with Mr. Krupp, it was my understanding that the estate would protect its *entire* interests, including Mr. Walter's interests, in challenging the United States forfeiture action. Based on this understanding, I did not file pursuant to Supplemental Rule C(6) a separate verified statement of claim and answer on behalf of Kurt Walter.

5. On March 24, 2004 I received notice that the United States had moved for entry of default against Kurt Walter. This notice was the first indication that Kurt Walter's 50% interest as a potential heir was not protected by the executrix. I had not received a copy of the verified statement of claim and answer of Melissa Walter. After discovering that my client's interests were not protected by the executrix, I called Mr. Krupp and attempted to clarify the situation. Mr. Krupp confirmed that Mr. Walter's interests were indeed not protected by the actions of the executrix of the estate. When I maintained that I thought we had an understanding as to the role of the estate in protecting my client's interests as residuary legatee, he demurred and stated that he had a different understanding.

6. In the last week of March I was representing a client at trial and was out of the office all day for several consecutive days. On April 2, 2004 I called Assistant United State Attorney Jennifer Zacks and explained the misunderstanding I had with

Mr. Krupp. I asked that the United States, in light of the unusual circumstances and good faith misunderstanding, allow Mr. Walter to file a late claim to the property. Ms. Zacks declined to allow a late claim.

Signed under penalties of perjury on the 6th day of April, 2004.

                                                            _____
                                                            William Cintolo