```
                     UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,      )
           Plaintiff,          )
                               )
     v.                        )     No. 04-cv-10191-DPW
                               )
$722,767.41 as substitute res  )
for 25 Royal Road, Brookline,  )
Massachusetts.                 )
                               )
```

### AFFIDAVIT OF JENNIFER H. ZACKS

I, Jennifer H. Zacks, state under oath as follows:

1. I am an assistant United States Attorney in this District and I represent Plaintiff, the United States of America, in this civil forfeiture action. I set forth the following, to the best of my knowledge, information, and belief.

2. The United States filed this _in rem_ civil forfeiture action against the Defendant Property, 25 Royal Road, on January 27, 2004. On February 6, 2004, the United States served (both by facsimile and by certified mail) copies of the complaint and monition on all potential claimants, including William J. Cintolo, Kurt Walter's counsel in the related criminal case, _United States v. Bannerman, et al._, No. 03-10370-DPW.

3. Counsel for Melissa Walter, William Abendroth (representing the estate) and Peter Krupp (representing Ms. Walter personally), contacted me indicated that they would be filing an answer and verified statement on Melissa Walter's behalf. Similarly, Steven T. Byer (who, together with Paul Eysie, prior to the commencement of this civil forfeiture action, had signed an

agreement to purchase the property), acting pro se, indicated that he would file a verified statement regarding his interest in the property. Both counsel for Melissa Walter and Steven Byer entered into negotiations with the United States, indicating their strong preference that the prearranged sale be permitted to go through.

4. No appearance was filed on behalf of Kurt Walter in the civil forfeiture action. It was my understanding, based on my communications with Mr. Abendroth and Mr. Krupp, that Kurt Walter's criminal counsel was aware of the ongoing negotiations.

5. Throughout the negotiations relating to the interlocutory sale, I expressed my concerns about the agreed-on price for the Defendant Property and whether Kurt Walter would file a claim to his 50% share in the property. The terms of the agreement that I ultimately entered into on behalf of the United States reflected my understanding (based on oral and written statements) that no claim would be filed to Kurt Walter's 50% share and that share would be immediately forfeited to the United States.

6. I was not contacted by counsel for Kurt Walter until April 2, 2004, after the interlocutory sale had been completed and a default had been entered against Kurt Walter by the Court.

/s/ Jennifer H. Zacks

Jennifer H. Zacks
Assistant U.S. Attorney