UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$722,767.41 AS SUBSTITUTE <u>RES</u><br>FOR 25 ROYAL ROAD, BROOKLINE, MA,<br>Defendant. | )<br>)<br>) Civil Action No.<br>) 04-10191-DPW<br>)<br>)<br>)<br>)<br>) |

<u>KURT WALTER'S MEMORANDUM IN OPPOSITION TO THE UNITED STATES'
CONDITIONS IN CONNECTION WITH KURT WALTER'S CLAIM</u>

On May 14, 2004, the United States (the "government") requested that this Court impose two conditions on the filing of Kurt Walter's claim. The first condition, which Kurt Walter ("Mr. Walter") is willing to agree to, relates to a stipulation that Mr. Walter will not make any claim against the government with respect to the interlocutory sale of 25 Royal Road. The second condition, which Mr. Walter does object to, is that the Court limit discovery to requests for admissions only.

The first condition is reasonably related to the prejudice the government claims---as far as those claims of prejudice can be ascertained. The second---extraordinary---condition is not related to the government's claimed prejudice, and therefore should not be imposed. <u>Powerserve Intern., Inc. v. Lavi</u>, 239 F.3d 508, 515 (2nd Cir. 2001) ("In determining whether to exercise its discretion to set aside a default . . . a district court has inherent power to impose a reasonable condition on the vacatur in order to avoid undue prejudice to the opposing party.").

1

Limiting the discovery to requests for admissions is extraordinary because it would sabotage the fact-finding purpose underlying the discovery rules. See Mallinckrodt Chemical Works v. Goldman, Sachs & Co., 58 F.R.D. 348, 352 (S.D.N.Y. 1973) (noting that the discovery rules are designed to provide both parties with information essential to proper litigation on all the facts).

Also, the extraordinary nature of the discovery limitation is manifested in the fact that the government would gain an unwarranted advantage in the litigation since requests for admissions as a discovery tool will likely be only marginally useful to Mr. Walter. Thorpe v. Thorpe, 364 F.2d 692, 694 (D.C.Cir. 1966) ("Rule 60(b), Fed.R.Civ.P., to which Rule 55(c) refers, provides for relief 'upon such terms as are just.'"); Richlin v. Sigma Design West, Ltd., 88 F.R.D. 634, 637 (E.D.Cal. 1980) ("Moreover, it cannot be disputed that the various methods of discovery as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive.").

Finally, it is unclear whether the government intends this discovery limitation to apply to Melissa Walter ("Ms. Walter") as well. If so, then one wonders what limiting Ms. Walter's discovery rights has to do with any prejudice arising from Mr. Walter's late claim. This is further evidence of the inappropriateness of the requested condition. If the discovery limitation is not meant to apply to Ms. Walter, then, as a practical matter, regardless of Mr. Walter's discovery rights, the government will remain subject to the full panoply of discovery methods via Ms. Walter and thus it would seem the condition would make little difference.

Wherefore, Mr. Walter requests that the Court not impose the second condition. Alternatively, given that the limitation of discovery is extreme, Mr. Walter requests the Court require the government to provide findings that demonstrate that the discovery limitation is a reasonable condition in this case. Thorpe, 364 F.2d at 695 (court remanded to district court to provide supporting findings to show that extraordinary conditions represented a reasonable exercise of discretion)

> Respectfully submitted,
> Kurt Walter
> By his attorneys
>
> /s/ William Cintolo
> William Cintolo (BBO# 084120)
> Nicholas A. Kenney (BBO# 650784)
> COSGROVE, EISENBERG & KILEY, P.C.
> One International Place, Suite 1820
> Boston, MA 02110
> 617.439.7775
> 617.330.8774 (fax)

Dated: May 18, 2004

3

CERTIFICATE OF SERVICE

I, Nicholas A. Kenney, hereby certify that the foregoing Memorandum in Opposition to the United States' Conditions in Connection with Kurt Walter's Claim were served upon the following individuals by first class mail, postage prepaid:

AUSA Jennifer H. Zacks
Office of the United States Attorney
One Courthouse Way
Boston, MA 02210

Valerie S. Carter, Esq.
Carter & Doyle, LLP
Russia Wharf West
530 Atlantic Avenue, 3rd Floor
Boston, MA 02210

Peter B. Krupp, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

Paul W. Eysie
853 Washington Street
Norwood, MA 02062

Steven T. Byer
1443 Beacon Street
Brookline, MA 02446

Date: May 6, 2004

Nicholas A. Kenney

**Rule 7.1 Certification**

Pursuant to F.R.C.P. Local Rule 7.1(A)(2) I, Nicholas Kenney, hereby certify that I have conferred and attempted in good faith to resolve or narrow the issue raised in the foregoing motion.

5/18/04
Date

Nicholas A. Kenney