UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -9 P 12: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$722, 767.41 AS SUBSTITUTE <u>RES</u><br>FOR 25 ROYAL ROAD, BROOKLINE, MA,<br>Defendant. | Civil Action No.<br>04-10191-DPW |

## ANSWER OF KURT WALTER TO
## VERIFIED COMPLAINT FOR FORFIETURE IN REM

Pursuant to 21 U.S.C. § 881, 18 U.S.C. § 983(a)(4)(B), and Rule C(6)(a)(iii) of the Supplemental Rules for Certain Admiralty and maritime Claims, Kurt Walter ("Mr. Walter"), who herewith is filing a statement of interest in the property at 25 Royal Road, Brookline, Massachusetts and the proceeds therefrom ("the Defendant Property"), hereby answers the numbered allegations in the Verified Complaint For Forfeiture In Rem ("the Complaint") as follows:

1.  Paragraph 1 contains conclusions of law to which no answer is required. To the extent paragraph 1 contains allegations of fact, Mr. Walter admits those allegations.

2.  Paragraph 2 contains conclusions of law to which no answer is required. To the extent paragraph 2 contains allegations of fact, Mr. Walter admits the allegations contained in the first and third sentences of paragraph 2. With respect to the allegations of fact contained in the second sentence of paragraph 2, Mr. Walter admits only that the title to the Defendant Property was in the name of Doris M. Walter, and that Doris M. Walter died on May 16, 2003.

1

3. Paragraph 3 contains conclusions of law to which no answer is required. To the extent paragraph 3 contains allegations of fact, Mr. Walter admits those allegations.

4. Paragraph 4 contains conclusions of law to which no answer is required. To the extent that paragraph 4 contains allegations of fact, Mr. Walter denies those allegations.

5. Paragraph 5 contains conclusions of law to which no answer is required. To the extent that paragraph 5 contains allegations of fact, Mr. Walter denies those allegations.

### First Affirmative Defense

The government's claim fails because the Defendant Property is not subject to forfeiture.

### Second Affirmative Defense

The government's claim fails because civil forfeiture of Mr. Walter's interest in the Defendant Property constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution.

WHEREFORE, Mr. Walter respectfully requests that this Court:

a. Enter an Order that no judgment of forfeiture shall be decreed against the Defendant Property.

b. Enter an Order for such costs and other relief to which Mr. Walter may be entitled.

                                    KURT WALTER,
                                    By his attorneys,

                                    _____
                                    William Cintolo (BBO# 084120)
                                    Nicholas A. Kenney (BBO# 650784)
                                    COSGROVE, EISENBERG & KILEY, P.C.
                                    One International Place, Suite 1820
                                    Boston, MA 02110
                                    Tel: 617.439.7775

Dated: May __, 2004

## CERTIFICATE OF SERVICE

I, Nicholas A. Kenney, hereby certify that the Answer of Kurt Walter to Verified Complaint for Forfeiture *In Rem* was served upon the following individuals by first class mail, postage prepaid:

AUSA Jennifer H. Zacks
Office of the United States Attorney
One Courthouse Way
Boston, MA  02210

Valerie S. Carter, Esq.
Carter & Doyle, LLP
Russia Wharf West
530 Atlantic Avenue, 3rd Floor
Boston, MA  02210

Peter B. Krupp, Esq.
Lurie & Krupp, LLP
One McKinley Square
Boston, MA  02109

Paul W. Eysie
853 Washington Street
Norwood, MA  02062

Steven T. Byer
1443 Beacon Street
Brookline, MA  02446

Date: May 2004

_____
Nicholas Kenney