```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )
      v.                        )Civil Action No. 04-10191-DPW
                                )
$722,767.41 AS SUBSTITUTE RES   )
FOR 25 ROYAL ROAD, BROOKLINE, MA,)
            Defendant.          )
_____)
```

**UNITED STATES' MOTION FOR CLARIFICATION OF COURT ORDER OF MAY 26, 2004, GRANTING UNITED STATES' MOTION FOR LIMITED DISCOVERY, AND IF THE COURT RULES THAT SUCH ORDER DOES NOT APPLY TO ALL PARTIES, MOTION TO STAY CIVIL FORFEITURE PROCEEDINGS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby states the following:

In its Motion Proposing Conditions in Connection with the Allowance of Kurt Walter's Late Claim, filed on May 14, 2004, the United States requested, <u>inter alia</u>, "as a condition for permitting Kurt Walter to file an untimely claim, that the Court allow limited discovery to take place in this civil forfeiture action. Specifically, the United States request[ed] that the Court allow the parties to serve requests for admissions, under the procedures set forth in Fed. R. Civ. P. 36." On May 26, 2004, this Court issued an Order granting the United States' Motion. That Order read as follows:

> Electronic ORDER entered granting MOTION for Discovery AND REQUEST FOR CONDITIONS by United States of America. The motion is ALLOWED without prejudice to the right of either party to present particularized objections to specific individualized discovery requests.

Since the parties have differing interpretations of this Order, which will affect discovery, the United States respectfully requests that this Court clarify its May 26 Order by specifying whether it applies to both Kurt Walter and Melissa Walter, or only to Kurt Walter.

The reason for this request is that the parties dispute the scope of discovery. In a letter to the United States dated May 21, 2004, Melissa Walter's counsel, Mr. Krupp, requested copies of "documents and items, including audiotapes or CDs," and the scheduling of a deposition. On the same day, Ms. Walter served the United States with her Automatic Discovery Disclosures and her First Set of Discovery Requests. The United States responded on May 27 as follows:

> We are in receipt of your letter dated May 21, 2004, enclosing Melissa Walter's first set of discovery requests and requests for production of documents. As you know, on May 26, 2004, the Court granted the motion filed on May 14, 2004, that limits discovery to requests for admissions under Rule 36 of the Federal Rules of Civil Procedure. Therefore, we will not be responding to your discovery request at this time.

Ms. Walter has now asserted that the May 26 Order applies only to Kurt Walter. She also submits that the Order merely authorizes the service of requests for admissions, in addition to, rather than instead of, all other forms of discovery, allowing her to submit interrogatories and document requests and to conduct depositions.

In drafting its Motion Proposing Conditions in Connection with the Allowance of Kurt Walter's Late Claim, the United States

intended to propose to limit discovery to requests for admissions under Fed. R. Civ. P. 36 for all parties, with the hope that this limited discovery would facilitate a faster resolution of this case. There would have been no reason for the United States to move for limited discovery only as to Mr. Walter, since, as he pointed out, if the Order were not to apply to all parties and to all other forms of discovery, the United States would "remain subject to the full panoply of discovery methods via Ms. Walter and thus it would seem the condition would make little difference." Kurt Walter's Memo. in Opposition at 2.

The United States, therefore, moves for clarification of the Court's May 26 Order. Should the Court rule that the May 26 Order does not apply to all parties or to all other forms of discovery, the United States hereby moves for a stay of this civil forfeiture proceeding pending the resolution of Criminal Case No. 03-10370-DPW, in which Kurt Walter is a defendant. The forfeiture statutes contemplate the need to stay such proceedings in the face of ongoing related criminal proceedings. Specifically, 21 U.S.C. § 881(i) allows for a stay (1) upon the filing of an indictment related to a civil forfeiture proceeding under 21 U.S.C. § 881; (2) upon the United States' motion; and (3) for good cause shown. Here, good cause exists, since "civil discovery will adversely affect the ability of the Government to conduct . . . the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1) (2000).

In addition, Rule 26(c) of the Federal Rules of Civil Procedure provides additional authority for a stay.  Under this provision, federal courts have stayed civil discovery where a pending criminal proceeding involves the same issues, evidence, or witnesses as the civil proceeding.  See e.g., Degen v. United States, 517 U.S. 820, 826 (1996).  Here, the issues in the criminal case against Mr. Walter are obviously related to this civil case, and discovery, beyond the limited discovery requested by the United States, would adversely affect the criminal prosecution, by requiring the United States to make disclosures or to create, as a result of the civil discovery process, documents or statements, either not available under the criminal rules, or whose production would not be compelled until a time much closer to trial.

WHEREFORE, the United States requests that this Court clarify its May 26 Order granting the United States' Motion Proposing Conditions in Connection with the Allowance of Kurt Walter's Late Claim.  Should the Court rule that the May 26 Order

does not apply to all parties or does not limit discovery to requests for admissions, the United States requests a stay of this civil forfeiture proceeding pending the resolution of Criminal Case No. 03-10370-DPW.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                                   By:   /s/ Jennnifer H. Zacks

                                            Jennifer H. Zacks
                                            Assistant U.S. Attorney
                                            1 Courthouse Way, Suite 9200
                                            Boston, Massachusetts 02210
                                            (617) 748-3100

Date: July 1, 2004

CERTIFICATE OF SERVICE

    This is to certify that I have this day served upon the persons listed below a copy of the foregoing document by depositing in the United States mail a copy of the same in an envelope bearing sufficient postage for delivery:

Peter B. Krupp
Sara A. Laroche
Lurie & Krupp, LLP
One McKinley Square
Boston, MA 02109

William J. Cintolo
Nicholas Allen Kenney
Cosgrove, Eisenberg & Kiley, P.C.
One International Place
Suite 1820
Boston, MA 02110

    This is the __1st day of July 2004.

/s/Jennifer Hay Zacks

Jennifer Hay Zacks
ASSISTANT UNITED STATES ATTORNEY