UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>　　　　Plaintiff, )<br> )<br>v. )<br> )<br>25 ROYAL ROAD, )<br>BROOKLINE, MASSACHUSETTS, )<br>　　　　Defendant. )<br> ) | Civil Action No. 04-10191-DPW |

MELISSA WALTER'S OPPOSITION TO PORTIONS OF
GOVERNMENT'S MOTION FOR CLARIFICATION OF COURT ORDER,
FOR LIMITED DISCOVERY AND FOR STAY OF ALL PROCEEDINGS

Claimant, Melissa Walter, hereby opposes portions of the United States' Motion For Clarification Of Court Order Of May 26, 2004, Granting United States' Motion For Limited Discovery, And If The Court Rules That Such Order Does Not Apply To All Parties, Motion To Stay Civil Forfeiture Proceedings ("Motion to Clarify"). Specifically, Ms. Walter objects to the limitation on her ability to take discovery in connection with this matter, and objects to a stay. In opposition to the Government's Motion, Ms. Walter states as follows:

Relevant Facts and Procedural History

In January, 2004, the government filed this civil forfeiture action against the property at 25 Royal Road in Brookline, Massachusetts ("the Property"). The Property was in the name of Doris M. Walter, the mother of Melissa Walter and Kurt Walter. Doris M. Walter died on May 16, 2003. Melissa Walter is the executrix of the will of Doris M. Walter. The residuary clause of the will of Doris M. Walter (Article IV) provides for the residue of the estate, which includes the Property, to be distributed in equal shares to Melissa Walter and her brother, Kurt Walter.

Under Massachusetts law, title to the Property descended directly to Melissa Walter and her brother, Kurt Walter.

In February, 2004, Ms. Walter answered the government's Complaint and filed a Verified Statement. In her answer, Ms. Walter alleged, among other things, that she was an innocent owner of the Property, within the meaning of 18 U.S.C. § 983(d), because she "(i) did not know of the conduct giving rise to forfeiture; or (ii) upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property."

Kurt Walter did not file a claim against the Property in a timely manner. On the government's motion, the Court entered a default against Mr. Walter in late March, 2004. In April, 2004, Mr. Walter filed a motion for leave to file a late claim. The government opposed that motion. On May 11, 2004, the Court allowed Mr. Walter's motion for leave to be allowed to file a late claim and, according to the Court's docket, gave the government "3 days to submit a proposal/request for conditions to be included in connection with the allowance of the late claim."

On May 14, 2004, the government filed the United States' Motion Proposing Conditions In Connection With The Allowance Of Kurt Walter's Late Claim ("Motion for Conditions"). In that motion, the government made clear that it was proposing "conditions to be included in connection with the allowance of the late claim" by Kurt Walter. Motion for Conditions at 1. In addition to at least one other condition, with respect to discovery, the government "request[ed], as a condition for permitting Kurt Walter to file an untimely claim, that the Court allow limited discovery to take place in this civil forfeiture action." Id. at 1-2 (emphasis added). Specifically,

2

the government sought leave to serve requests for admissions.  It did not seek to stay all other discovery, or to limit any parties from conducting any other forms of discovery.

On May 21, pursuant to Fed. R. Civ. P. 21(a)(1) and Local Rule 26.2, Ms. Walter made her automatic discovery disclosures to the government.  In addition, Ms. Walter served the government with Melissa Walter's First Set of Discovery Requests to Plaintiff ("Discovery Requests").  In her Discovery Requests, Ms. Walter sought answers to nine interrogatories, and requested production of ten categories of documents.  The government's responses were due within 30 days (by June 20, 2004).

On May 26, 2004, the Court entered an electronic order allowing the government's Motion for Conditions "without prejudice to the right of either party to present particularized objections to specific individualized discovery requests."

Thereafter, the government indicated that it would not respond to Ms. Walter's Discovery Requests, taking the position that the Court has limited all discovery in the case to requests for admissions.  To date, the government has failed and refused to respond substantively to Ms. Walter's Discovery Requests.

The government now seeks clarification of the Court's May 26, 2004 order and explicitly seeks to limit discovery in this case to requests for admissions.  Alternatively, the government seeks to stay this matter pending the outcome of the criminal case against Kurt Walter.  While Ms. Walter believes clarification of the Court's May 26, 2004 order will help to resolve the current issue, she opposes limiting discovery in this case to requests for admissions, and opposes a stay of the proceeding, at least insofar as it affects her claim.

ARGUMENT

I.   The Court Has Not And Should Not Limit Discovery To Requests For Admissions, Absent Some Compelling Reason To Do So.

The Court should not limit discovery.  The discovery provisions of the Federal Rules of Civil Procedure apply to civil forfeiture actions.  See Fed. R. Civ. P. 1.  Moreover, the Rules circumscribe a Court's power to limit a party's access to discovery.  See, e.g., Fed. R. Civ. P. 26(b)(2) ("frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines [that certain specified conditions apply]").  See also Fed. R. Civ. P. 26(c) (authorizing protective orders under certain conditions).

In this case, there is considerable information in the possession of the government, which bears on the contentions by the government in its bare-bones complaint in this action, and that may bear on Ms. Walter's innocent owner defense, among other defenses.  In its Motion for Conditions and its present Motion to Clarify, the government does not articulate any reasonable justification for limiting the types of discovery available to the parties in this action.  Indeed, there is no argument or position advanced by the government about why discovery should be limited to requests for admission.  There simply is nothing to which Ms. Walter may reasonably respond.

In its Motion for Conditions, the government simply phrased its request to the Court that, "as a condition for permitting Kurt Walter to file an untimely claim," the Court should "allow the parties to serve requests for admissions."  The government did not ask the Court to bar other forms of discovery, nor did it describe any reason for such a limitation on discovery.  The government also offered no reason why, as a condition for permitting Kurt Walter to file a claim, Melissa Walter's discovery should also be so limited.  It is an enormous stretch for the

4

government now to argue that the Court, by allowing the government's stated conditions, necessarily barred not only Kurt Walter, but all of the parties, from any form of discovery in this case other than requests for admissions.

In its Motion to Clarify, the only statement arguably offering a justification for limiting discovery to requests for admissions is the government's statement that "[i]n drafting its Motion [for Conditions], the United States <u>intended to propose</u> to limit discovery to requests for admissions under Fed. R. Civ. P. 36 for all parties, with <u>the hope that this limited discovery would facilitate a faster resolution of this case.</u>" Motion to Clarify at 2-3 (emphasis added). This suggestion is self-serving and counter-intuitive. It also flies in the face of the sentiment of this Court, when it adopted the Local Rules, which were designed to facilitate discovery on the recognition that the quick and free exchange of information is more likely to lead to the resolution of a case. <u>See</u>, <u>e.g.</u>, Expense and Delay Reduction Plan, Rules 2.01, 2.02, 2,05 and commentary thereto. In short, it is not less, but more and fuller discovery disclosures that offer the best chance at a "faster resolution of this case."

II.     <u>The Court Should Not Stay This Action As It Relates To Ms. Walter's Claim.</u>

The Court also should not stay this proceeding -- at least as it relates to Melissa Walter's claim -- pending the criminal case against Kurt Walter. Under 21 U.S.C. § 881(i), the stay provisions of 18 U.S.C. § 981(g) apply in this case. Under section 981(g), the government may move to stay a civil forfeiture proceeding. Such a stay, however, may only be granted "if <u>the court determines</u> that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." 18 U.S.C. § 981(g)(1) (emphasis added). Section 981(g) also makes clear that "the court may determine that a stay is unnecessary if a protective order limiting discovery would protect the interest of

one party without unfairly limiting the ability of the opposing party to pursue the civil case." 18 U.S.C. § 981(g)(3).

Here, the government has submitted only a one-sentence, conclusory argument in support of its position that the Court should stay this proceeding. The government states only the following:

> Here, the issues in the criminal case against Mr. Walter are obviously related to this civil case, and discovery, beyond the limited discovery requested by the United States, would adversely affect the criminal prosecution, by requiring the United States to make disclosures or to create, as a result of the civil discovery process, documents or statements, either not available under the criminal rules, or whose production would not be compelled until a time much closer to trial.

<u>Motion to Clarify</u> at 4. The government offers no support for any of these statements. It submits no affidavits or supporting documentation. The government has not explained why it is "obvious[ ]" that the criminal case against Mr. Walter is related to this civil forfeiture action; how, if at all, it is alleged that Kurt Walter used the Property; and how the issues in the criminal case have anything to say about Ms. Walter's knowledge of, and/or reasonable steps taken by Ms. Walter in reaction to, Kurt Walter's conduct. The government has also not shown why responding, for example, to Ms. Walter's request for production of documents would prejudice it at all; or, if any prejudice were threatened, why a suitable protective order could not be fashioned to obviate any prejudice.

Moreover, it appears from the government's statement that the government seeks a limited stay, still intending to pursue "the limited discovery requested by the United States." There is, again, no factual showing, argument or justification offered by the government for such a hybrid stay.

It is the Court, not the government, that must make the factual finding upon which a stay of proceedings may be based. The Court cannot do so given the government's filings. The government has not made a factual showing of how it will be prejudiced if this case goes forward, and certainly has not sustained its burden of showing, for example, why a protective order cannot adequately protect the government against any possible adversity.

## Conclusion

For these reasons, the Court should clarify that it did not, and is not, limiting discovery in this case to requests for admissions. The Court also should not stay the proceedings in this case, and certainly should not stay proceedings in connection with Melissa Walter's claim. The Court should order the government to answer Ms. Walter's Discovery Requests, and produce its responsive documents, within ten (10) days of the Court's order.

                                          MELISSA WALTER
                                        By her attorneys,

                                        / S / Peter B. Krupp

Dated: July 15, 2004                     Peter B. Krupp
                                          B.B.O. #548112
                                        Sara A. Laroche
                                          B.B.O. #652479
                                        Lurie & Krupp, LLP
                                        One McKinley Square
                                        Boston, MA  02109
                                        Tel.  617-367-1970