## COSGROVE, EISENBERG AND KILEY, P.C.
### COUNSELORS AT LAW

MARTIN S. COSGROVE
LEWIS C. EISENBERG
THOMAS R. KILEY
PETER M. McELROY
CARL VAVO

WILLIAM J. CINTOLO
PAUL R. MATTHEWS
THOMAS B. DROHAN
KENNETH W. TERRELL
NICHOLAS A. KENNEY
ELIZABETH A. CANTY

May 22, 2006

Jennifer H. Zacks, Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, Ma 02210

RE:   United States v. 25 Royal Road, Brookline, Massachusetts
      Report on Status of Discovery

Dear Assistant United States Attorney Zacks:

    I am writing to bring you up to date on the interrogatories and document production in the above referenced case. As I had mentioned to you in our telephone conversation when we last spoke, I had previously met with Mr. Walter, went over the interrogatories with him and noted his responses.

    When I returned to my office and began preparing to put Mr. Walter's responses in a form to send to you, Mr. Walter called and expressed some reservation about his memory concerning certain of his answers to me at the prison. Because I could not be certain that my conversation with Mr. Walter was being treated as an attorney-client communication and was not being recorded, I told Mr. Walter that I would come to see him at the prison to go over his answers again.

    Since there are only certain times and days that I am allowed to visit clients at Ft. Devens, I normally go on the weekends. In this instance, the intervening weekend was Mother's Day and for personal reasons I was not going to be working over the weekend. The following week I faxed a letter to Mr. Walter's counselor asking permission to visit him on Sunday, May 20, 2006. (a copy of the letter is attached) I did not receive a response from the counselor so I had my office call the facility to see whether my request had been granted. The office made several calls and did not receive a response. Therefore, on Friday my Assistant sent another letter to the counselor requesting a response to my visit request. (a copy of the second letter is also attached) None was forthcoming.

    Not knowing whether there was simply a communications problem, I traveled to Ft. Devens on Sunday morning. I arrived at about 8:15 AM. I immediately presented to the front

803 HANCOCK STREET, P.O. BOX 189, QUINCY, MA 02170-0997 (617) 479-7770, TELECOPIER: (617) 773-6901

ONE INTERNATIONAL PLACE, SUITE 1820, BOSTON, MA 02110-2600 (617) 439-7775, TELECOPIER: (617) 330-8774

desk and filled out the necessary visiting form. I asked the officer at the desk whether the counselor had sent a memo to authorize my visit. The officer said that he was too busy to check, but that he would get to it in due course. At about 9:45, not having been called to go through the metal detector, I again approached the front desk and asked if the officer had found the "memo" yet. The officer informed me that there was no memo and that I would not be allowed to visit.

I explained that I needed to get my clients signature on some documents and that I would only be about 15 minutes, but my requests to see Mr. Walter were fruitless.

Because of previous plans with my family, I am not able to travel to Ft. Devens this weekend. I will arrange to visit next weekend and will have the discovery to you as soon as Mr. Walter signs.

Sorry for the inconvenience.

Very truly,

William J. Cintolo

WJC/bc
Enclosures

Cc   Judge Douglas P. Woodlock
     Peter Krupp, Esquire