```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,      )
            Plaintiff,         )
                               )
      v.                       )    Civil Action No. 04-10191-DPW
                               )
25 ROYAL ROAD, BROOKLINE       )
MASSACHUSETTS                  )
            Defendant.         )
_____)
                               )
MELISSA WALTER                 )
KURT WALTER                    )
            Claimants.         )
```

**UNITED STATES' MOTION TO COMPEL CLAIMANT KURT WALTER
TO PROVIDE ANSWERS TO INTERROGATORIES AND REQUESTS FOR
DOCUMENTS BY JUNE 9, 2006**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), in conjunction with Supplemental Rule for Certain Admiralty and Maritime Claims C(6)(c), to compel Kurt Walter (the "Claimant") to provide answers to the United States' interrogatories and document requests in the above-captioned matter.  Kurt Walter's responses to the interrogatories and document requests were due on May 8, 2006.  However, as of today, June 2, 2006, despite repeated requests, Claimant has failed to provide the requested discovery.

**Factual Background**

On April 6, 2006, the United States, pursuant to Supplemental Rule for Certain Admiralty and Maritime Claims C(6)(c) and Federal

Rule of Civil Procedure 26 and 33 and Local Rules 26.5 and 33.1, served interrogatories and requests for request for document production on the claimant, Kurt Walter, via certified mail. Under Federal Rule of Civil Procedure 33 (b)(3), the Claimant's responses were due thirty days later, on May 8, 2006. On April 6, 2006, the United States sent a notice of deposition to the Claimant, by certified mail, scheduling his deposition in this matter for May 18, 2006 at 9:00 am. Counsel for the Claimant made no objection to any of the above-listed dates.

On May 9, 2006, having received no responses to the United States' interrogatories or document requests, the government contacted Claimant's counsel, Attorney William Cintolo. Counsel indicated the Claimant's responses would be provided the United States by May 12, 2006. No responses to the interrogatories or document requests were received by May 12, 2006, nor did Counsel file a motion to request to extend the discovery dates.

On May 15, 2006, three days before Claimant's scheduled deposition, Claimant's counsel informed the undersigned that he could not give a date certain by which the responses to the United States' interrogatories or document requests would be provided. In light of this statement, and to avoid incurring unnecessary expense, the Claimant's scheduled deposition was cancelled and rescheduled to June 15, 2006 at 10:00 am.

On May 18, 2006, having received no responses to the United States' interrogatories or document requests from the Claimant, the

undersigned sent a letter of request to Claimant's counsel, stating that the United States had yet to receive Claimant's answers to the United States' interrogatories or production of documents. The letter also indicated the undersigned would have to cancel the deposition scheduled on May 18, 2006 because the undersigned would not properly be prepared to conduct the deposition without the proper documentation. Subsequently, Counsel contacted the undersigned and stated the United States would receive answers to the United State's interrogatories and request for production of documents on May 30, 2006.

On May 25, 2006, the undersigned received a letter from Claimant's Counsel indicating Counsel could not provide document requests and answers to interrogatories due on May 8, 2006. In addition to the letter, Counsel for Claimant attached two copies of letters addressed to the Claimant's current correctional facility, the first letter dated May 17, 2006 requested visitation with the Claimant on May 21, 2006 at the facility. The second letter dated May 19, 2006, requested the same visitation on May 21, 2006 at the same location.

As of today, June 2, 2006, the United States has not received any responses to its interrogatories or document requests, nor has the United States received in writing a request for an extension of the date in which the document requests and interrogatories are due. Discovery is scheduled to close on June 30, 2006.

## **Analysis**

The purpose of discovery is to facilitate the orderly conduct of litigation by providing a mechanism for making relevant information available to the litigants.  See Hickman v. Taylor, 329 U.S. 495, 507 (1947).  Federal Rule of Civil Procedure 26 imposes on counsel an affirmative duty to engage in pretrial discovery responsibly.  Federal Rule of Civil Procedure 37 (a) permits the Court to compel discovery and Rule 37 (c) provides a mechanism for th Court to impose sanctions based on failure to provide discovery.

Here, despite the United States's requests, attempts to confer with counsel and conduct depositions, the Claimant has failed to provide discovery.  The requested discovery goes to the central issues of this civil forfeiture action -- the use of the Royal Road Property to facilitate drug crimes and the so-called "innocent owner defense."  The United States notes that Rule 37 specifically provides for the Court to exclude evidence that a party has failed to disclose.  Moreover, as a general matter, in a civil forfeiture case, a court may draw an adverse inference from a claimant's refusal to answer questions.  See United States v. U.S. Currency in the Amount of $119,984.00, 304 F.3d 165, (2nd Cir. 2002) (in contrast to a criminal case, if claimants in civil forfeiture case exercise Fifth Amendment rights, "the Government may be able to obtain an adverse inference based on their refusal to testify"); United States v. Two Parcels of Real Property, 92 F.3d 1123, 1129 (11th Cir. 1996).  The Claimant's failure to timely respond to the interrogatories and to provide the requested supporting documents,

hinder both the United States and ultimately, this Court, in its efforts to ascertain the relevant facts.  In addition, without responses to the interrogatories and document requests, the United States will be prejudiced in taking the Claimant's deposition and will be forced to attempt to plan its case based on incomplete information.

    Wherefore, in light of the short time remaining before the Claimant's June 15, 2006 deposition and the close of discovery on June 30, 2006, the United States respectfully requests that the Court allow this motion and issue an order compelling the Claimant to immediately provide responses to the United States interrogatories and document requests.

                                            Respectfully submitted,

                                            MICHAEL J. SULLIVAN
                                            United States Attorney

                                  By: /s/Jennifer H. Zacks
                                      Jennifer H. Zacks
                                      Assistant U.S. Attorney
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      (617) 748-3100

Date: June 2, 2006


**CERTIFICATE OF SERVICE**

I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing Motion to Compel was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                        /s/Jennifer H. Zacks

```
                                        Jennifer H. Zacks
                                        Assistant U.S. Attorney
Date: June 2, 2006
```