UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,        )
              Plaintiff,         )
                                 )
         v.                      )      Civil Action No. 04-10191-DPW
                                 )
25 ROYAL ROAD, BROOKLINE         )
MASSACHUSETTS                    )
              Defendant.         )
_____)
                                 )
MELISSA WALTER                   )
KURT WALTER                      )
              Claimants.         )
```

**UNITED STATES' MOTION TO COMPEL CLAIMANT
MELISSA WALTER TO PROVIDE ANSWERS TO INTERROGATORIES
AND REQUESTS FOR DOCUMENTS**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, hereby moves, pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), in conjunction with Supplemental Rule for Certain Admiralty and Maritime Claims C(6)(c), to compel Melissa Walter(the "Claimant") to provide answers to the United States' interrogatories and document requests in the above-captioned matter. Melissa Walter's responses to the interrogatories and document requests were due on May 12, 2006. However, as of today, June 2, 2006, despite repeated requests, Claimant have failed to provide any of the requested documents. In addition, while Claimant provided responses to the United States' interrogatories at the close of business on May 30, 2006, certain of those answers,

as detailed below, were incomplete.[1]

## Factual Background

On April 11, 2006, the United States, pursuant to Supplemental Rule for Certain Admiralty and Maritime Claims C(6)(c) and Federal Rule of Civil Procedure 26 and 33 and Local Rules 26.5 and 33.1, served interrogatories and requests for request for document production on the Claimant via certified mail.  Under Federal Rule of Civil Procedure 33 (b)(3), the Claimant's responses were due thirty days later, on May 12, 2006.  On April 11, 2006, the United States sent a notice of deposition to the Claimant by certified mail, scheduling her deposition in this matter for May 17, 2006 at 9:00 am.  Counsel for the Claimant, Peter Krupp, made no objection to the deposition date.

On May 12, 2006, having received no responses to the United States' interrogatories or document requests, the government contacted Claimant's Counsel.  Counsel indicated the Claimant's responses would be provided to the United States by May 19, 2006. The Claimant's scheduled deposition on May 17, 2006, was cancelled and rescheduled for June 1, 2006.

On May 18, 2006, having received no responses to the United State's interrogatories or document requests, the government

_____

[1]    For the convenience of the Court, the United States' interrogatories and document requests and Claimant's responses to the interrogatories are attached.

contacted Claimant's counsel again.    Counsel indicated the
Claimant's responses would be provided to the United States by May
22, 2006.  No responses to the interrogatories or document requests
were received by or on May 22, 2006.   In light of this, and to
avoid incurring unnecessary expenses, the Claimant's scheduled
deposition was cancelled, to be rescheduled to June 12, 2006 at
10:00 am.

At the close of business on May 30, 2006, via hand-delivery,
Claimant supplied answers to the interrogatories.  However, Counsel
failed to produce any of the requested documents.

As of today, June 2, 2006, the United States still has not any
received the requested documents.    The undersigned contacted
Counsel to request the documents and/or a date by which the
documents could be expected.   Counsel did not provide a specific
date by which the documents would be received.   The United States
therefore moves that Claimant be ordered to provide the requested
documents immediately.

In addition, the United States moves that Claimant be
compelled to respond to the following interrogatories, for which
she had supplied incomplete answers: Interrogatories 3, 6 and 13.

Interrogatory 3 asks about Melissa Walter's sources and
amounts of income.   She has completely refused to answer this
interrogatory.  An answer to this interrogatory is relevant to the
one of the principal issues in this case -- Melissa Walter's

knowledge of the use of the 25 Royal Road property for drug activities. By comparing Melissa Walter's sources and amounts of income with the amount that she stands to gain from the Royal Road property, the United States expects to show both that Melissa Walter had a strong incentive to learn about all illegal activities at the Royal Road property and that she now has a strong motive to minimize her knowledge of such illegal activities.

Interrogatories 6 and 13 deal with the Melissa Walter's knowledge of Kurt Walter's drug activities and the use of the Royal Road property for illegal drug activities, including asking her to describe with specificity conversations relating to Kurt Walter's drug activities and to the use of the Royal Road property for illegal drug activities. Obviously, these issues are at the heart of this civil forfeiture action. Melissa Walter's answers to Interrogatories 6 and 13 are non-responsive to the questions asked. The United States therefore moves that Melissa Walter be compelled to supplement these responses.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/Jennifer H. Zacks
    Jennifer H. Zacks
    Assistant U.S. Attorney
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3100

Date: June 2, 2006

## CERTIFICATE OF SERVICE

I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing Motion to Compel was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/Jennifer H. Zacks
Jennifer H. Zacks
Assistant U.S. Attorney

Date: June 2, 2006