```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )    Civil Action No. 04-10191-DPW
        v.                      )
                                )
25 ROYAL ROAD, BROOKLINE        )
MASSACHUSETTS                   )
            Defendant.          )
                                )
KURT WALTER                     )
MELISSA WALTER                  )
            Claimants.
```

### UNITED STATES' REQUEST FOR A STATUS CONFERENCE
### AND ORDER CONCERNING DISCOVERY

Discovery in this civil forfeiture action is scheduled to close on June 30, 2006. However, the actions of counsel for the claimants, including interference with the United States' attempt to take the deposition of Melissa Walter, threaten to prevent the timely completion of discovery. The United States requests a status conference to address these discovery issues. Specifically, the United States requests the Court to order that (1) Kurt Walter provide specific dates on which his deposition may be taken; (2) the deposition of Kimberley Frank, scheduled for June 22, 2006 at 11:00 will go forward, despite the fact that Melissa Walter's counsel, Peter Krupp, will be unable to attend or that (due to the witness's unavailability in July), the discovery deadline be extended to August 30, 2006 to permit her deposition to be scheduled in August and; (3) counsel will refrain from coaching witnesses at or otherwise interfering with depositions and the

-1-

Court will establish guidelines for conduct during depositions.

**1. Claimants' failure to provide timely discovery, resulting in the inability to schedule depositions**. Both claimants failed to timely and fully respond to the United States' interrogatories and document requests, forcing the United States to file motions to compel. This meant the long-scheduled depositions of both claimants had to be rescheduled.

**A. Melissa Walter**. On April 12, 2006, the United States noticed Melissa Walter's deposition for May 17, 2006. Because Melissa Walter failed to provide timely responses to the United States' interrogatories or document requests, her deposition had to be rescheduled twice, to June 1, and then to June 12, 2006. As discussed in more detail below, due to counsel's interference, Melissa Walter's deposition was suspended after less than 20 minutes and now must be rescheduled yet again.

**B. Kurt Walter**. On April 6, 2006, the United States noticed Kurt Walter's deposition for May 18, 2006. Because Kurt Walter failed to provide responses to the United States' interrogatories or document requests, his deposition was rescheduled for June 15, 2006. However, late in the afternoon of June 13, 2006, Kurt Walter's counsel requested that the deposition be rescheduled because he has been unable to consult with his client. To the knowledge of the United States, no date has been set for such consultation, and the United States has been unable to reschedule

Kurt Walter's deposition. In addition, because Kurt Walter is incarcerated, scheduling his deposition is more complicated and takes longer than that of a typical deponent. The United States therefore requests that Kurt Walter's counsel be ordered to provide, within two days, specific dates on which his client's deposition may be taken.

**C. Kimberley Frank**. The deposition of Kimberley Frank, a witness in this case, is currently scheduled for June 22, 2006. However, on June 12, 2006, Peter Krupp, Melissa Walter's counsel gave notice that he will not be available on that date until 3:00 p.m. The United States is in the process of attempting to coordinate with all parties to reschedule the deposition of Kimberley Frank for a mutually agreed-on day during the week of June 26, 2006. However, because of the press of time, given the close of discovery on June 30, 2006, and the difficulties previously experienced in scheduling depositions in this matter, the United States requests that the deposition of Kimberley Frank be permitted to go forward as scheduled, or that (due to the witness's unavailability in July), the discovery deadline be extended to August 30, 2006 to permit her deposition to be scheduled in August.

**2. Interference with Melissa Walter's deposition**. On Monday, June 12, 2006, the United States, represented by Jennifer Zacks, attempted to conduct the deposition of Melissa Walter,

-3-

represented by Peter Krupp.  After less than twenty minutes, due to the inappropriate conduct of Mr. Krupp, the United States suspended the deposition.

**A. Factual background**.  Prior to the deposition, Mr. Krupp and Ms. Zacks entered into the following oral stipulations: that the deponent would read and sign the deposition transcript, that objections, except as to form, would be preserved, and that motions to strike nonresponsive answers would be preserved.  At the beginning of the deposition, Ms. Walter was instructed: "If you don't understand what I'm saying for some reason, just ask me and I'll repeat the question in different words; do you understand?  Depo. 7.  Ms. Walter indicated that she understood this instruction.

A transcript of the deposition is attached.  During the fewer than twenty minutes of questioning, Mr. Krupp repeatedly interjected comments, made suggestions to the witness as to how to answer questions, and, at one point, left the room to confer with the witness.  Mr. Krupp persisted in this behavior despite being asked on several occasions to allow the witness herself to respond to the questions.  In addition, Mr. Krupp indicated that he was likely to seek additional conferences with his client during the course of the deposition.

For example, the following colloquy occurred when Ms. Walter was being questioned about the dates of her employment:

Q: Approximately, September of 1998 til, approximately October of 2005 --

A: Yeah.

Q: -- I mean, I'm sorry, December 2004?

A: Correct.

Q: When did you --

Mr. Krupp: I don't want you to guess.

Witness: I know, I know.

Ms. Zacks: Let the, please, let the witness just answer.  It's okay if you don't do it exactly but just try to figure it out.

Q: When, approximately --

Mr. Krupp: Jennifer, Jennifer, I'm not done.

Ms. Zacks: No, I'm sorry.  Please let the witness answer.

Mr. Krupp: I am not done.

Ms. Zacks: Sorry.  Please let the witness answer.

Mr. Krupp: Melissa, don't guess.  If you know the answer fine.

Ms. Zacks: Please, let the witness answer.

Mr. Krupp: We're going to stop this right now, Jennifer --

Ms. Zacks: That's fine --

Ms. Krupp:  -- I'm talking to my client.

Ms. Zacks:  -- that's fine.  If you want to talk to your client you can do so outside --

Mr. Krupp: Fine.

Ms. Zacks: -- but not do it here. Depo. 15.

Mr. Krupp and Ms. Walter then left the room for several minutes to confer. Upon his return, Mr. Krupp stated: "If we have to get up and go out of the room every time that I need to talk to my client or she needs to talk to me, we're going to be here for a long time." Depo. 15.

Later in the deposition, Ms. Walter was being questioned about an exhibit. Again, Mr. Krupp interrupted the questioning with instructions to the witness:

> Q: . . . If you look at this Page 2, you look at the first affirmative defense, the government's claim fails because the defendants property is not subject to forfeiture; do you understand what that means?
>
> Mr. Krupp: Can you answer that? I think she's looking for the first affirmative defense in the middle of the second --
>
> Ms. Zacks: Please, please, do not -- if the witness has a question, ask me.
>
> Mr. Krupp: Are you telling the witness that she can't confer with counsel about what a question is?
>
> Ms. Zacks: I'm saying that, please, don't interrupt. This is my deposition.
>
> Mr. Krupp: Are you saying that --
>
> Ms. Zacks: I'm saying --
>
> Mr. Krupp: -- the witness can not --
>
> Ms. Zacks: -- I'm saying --

>      Mr. Krupp: -- confer with me, Ms. Zacks, about --
>
>      Ms. Zacks:  -- I don't want you interrupting the deposition --
>
>      Mr. Krupp: First of all --
>
>      Ms. Zacks: If the witness doesn't understand a question, she can -- something that I've said, she can ask me.

Depo. 20-21.

Mr. Krupp then indicated that he wished to make a statement for the record.  At this point, the deposition was suspended.

   **B. <u>Legal analysis</u>**.  Courts have addressed the issue of what constitutes appropriate behavior by counsel defending a deposition. In sum, "[c]ounsel is not entitled to assist his witnesses during a deposition."  <u>Calzaturficco SCARPA v. Fabiano Shoe Co.</u>, 201 F.R.D. 33, 40 (D. Mass. 2001).  In the June 12, 2006 deposition, Mr. Krupp repeatedly exceeded the bounds of acceptable behavior.

   The purpose of a deposition is to obtain the testimony of a witness.  While counsel has a duty to prepare a witness prior to the deposition, once the deposition begins, it is improper for counsel representing a witness to interpret questions for the witness or  to suggest how the witness should respond to questions. "A deposition is meant to be a question-and-answer session between the deposing lawyer and the witness.  There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer and

helping the witness to formulate answers." Hall v. Clifton Precision, 150 F.R.D. 525, 528 (E.D. Pa. 1993) (quoted by Calzaturficio, 201 F.R.D. at 40). As the Hall court explained:

> The underlying purpose of a deposition is to find out what a witness saw, heard, or did -- what the witness thinks. . . . The witness comes to the deposition to testify, not to indulge in a parody of Charlie McCarthy, with lawyers coaching or bending the witness's words to mold a legally convenient record.

Hall, 150 F.R.D. at 528.

Conferring with the deponent during questioning, suggesting how the deponent should answer questions and leaving the room with the deponent while a question is pending are conduct that have been rejected by the courts as inappropriate. See Calzaturficio, 201 F.R.D. at 40-41 (stating that counsel "was not entitled" to confer with deponents while questions were pending or to leave the room with a deponent while a question was pending); Hall, 150 F.R.D. at 528-29 (holding that "private conferences are barred during the deposition"); McDonough v. Keniston, 188 F.R.D. 22, (D.N.H. 1998) (noting "impropriety" of counsel's interjections during a deponent's testimony suggesting how the deponent should answer); Van Pilsum v. Iowa State University, 152 F.R.D. 179, 180-81 (S.D. Iowa 1993)(imposing sanctions on counsel who, while defending a deposition, "repeatedly took it upon himself to restate [opposing counsel's] questions in order to 'clarify' them," interrupted the questioning and interposed "thinly veiled instructions to the

witness").

As the cases cited above indicate, the purpose of a deposition is to obtain the testimony of a witness. As the transcript of the June 12, 2006 deposition demonstrates, the conduct of Mr. Krupp substantially interfered with the intended purpose of the deposition, to the point that the deposition had to be suspended. Since this conduct is likely to recur, the United States seeks a status conference at which the Court establishes clear rules as to how discovery, including depositions, in this case will be conducted.

**Conclusion.** To facilitate the completion of discovery in this case, the United States makes the following requests (1) that Kurt Walter be ordered to provide, within two days, specific dates on which his deposition may be taken; (2) that the deposition of Kimberley Frank, scheduled for June 22, 2006 at 11:00 be permitted to go forward, despite the fact that Melissa Walter's counsel, Peter Krupp, will be unable to attend, or that (due to the witness's unavailability in July), the discovery deadline be extended to August 30, 2006 to permit her deposition to be

scheduled in August and; (3) that the Court order that counsel refrain from interfering with depositions and establish guidelines for behavior during depositions.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>
>By: /s/Jennifer H. Zacks
>    Jennifer H. Zacks
>    Assistant U.S. Attorney
>    1 Courthouse Way, Suite 9200
>    Boston, MA 02210
>    (617) 748-3100

Date: June 15, 2006

### CERTIFICATE PURSUANT TO LOC.R.7.1(a)(2)

On June 12, 2006, following the suspended deposition, I, Jennifer Zacks, transmitted, by certified mail and facsimile, a letter to Peter Krupp, counsel for Melissa Walters, with a cc to William Cintolo, counsel for Kurt Walter, in which I indicated my intention to file a motion concerning conduct during depositions.

On June 13, 2006, I received a letter, transmitted by facsimile, from Mr. Krupp stating, among other things, "You are always free to file motions with the Court, but LR 7.1 imposes obligations on you -- as with any other party -- to confer '*in good faith*' prior to filing. You certainly were not willing to confer in good faith yesterday." (emphasis in original)(citation omitted).

On June 14, 2006, at approximately 11:20 a.m., I transmitted, by facsimile, a draft of the foregoing motion to counsel for both claimants, indicating that I intended to file the motion by 10:00 a.m. on June 15, 2006 and inviting discussion of the content of the motion before that time. I also left a telephone message for Mr. Cintolo at his office. I have received no communications from Mr. Cintolo regarding this motion.

On June 15, 2006, Mr. Krupp and I had a telephone conversation in which we discussed the proposed motion. Particularly in light of the press of time, I believe that further attempts at

consultation regarding this motion would be futile.

            /s/ Jennifer H. Zacks
            Jennifer H. Zacks

## CERTIFICATE OF SERVICE

I, Jennifer H. Zacks, Assistant U.S. Attorney, hereby certify that the foregoing Motion to Compel was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

            /s/Jennifer H. Zacks
            Jennifer H. Zacks
            Assistant U.S. Attorney

Date: June 15, 2006