UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )
            v.                  ) Civil Action No. 04-10191-DPW
                                )
25 ROYAL ROAD, BROOKLINE,       )
MASSACHUSETTS,                  )
            Defendant.          )
_____)
KURT WALTER, and                )
MELISSA WALTER,                 )
            Claimants.          )
```

**SETTLEMENT AGREEMENT**

The United States of America and Claimant Melissa Walter state:

WHEREAS, on January 27, 2004, the United States filed its Verified Complaint for Forfeiture in Rem ("the Complaint"), alleging that the following property is subject to forfeiture under 21 U.S.C. § 881(a)(6):

    25 Royal Road, Brookline, Massachusetts (the "Defendant Property");

WHEREAS, the United States asserts that the Defendant Property constituted "real property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846, and/or 856," and therefore is subject to forfeiture under 21 U.S.C. § 881(a)(7);

WHEREAS, on January 29, 2004, the District Court (Woodlock, D.J.) issued a Warrant and Monition pursuant to the Complaint;

WHEREAS, on February 20, 2004, Steven T. Byer and Paul W.

Eysie filed a Notice of Claim as prospective purchasers of the Defendant Property;

WHEREAS, on February 27, 2004, Melissa Walter filed an Answer and Verified Statement in this action, asserting a claim in 50% of the Defendant Property, denying that the Defendant Property was forfeitable, and claiming that, even if the property were forfeitable, she was an innocent owner under 18 U.S.C. § 983(d);

WHEREAS, on March 22, 2004, the parties moved jointly for an order of sale of the Defendant Property, which was granted the next day by the Court;

WHEREAS, the Defendant Property was sold to Byer and Eysie, disposing of their claim, and the proceeds of the sale of the Defendant Property have been held in interest-bearing accounts pending the conclusion of this forfeiture action;

WHEREAS, the aforementioned proceeds totaled $722,767.41;

WHEREAS, Melissa Walter's claimed share of the proceeds totaled $361,383.70;

WHEREAS, the government moved for default against the remaining other known owner of the Defendant Property, Kurt Walter, on March 23, 2004;

WHEREAS, the Court granted this motion on March 26, 2004, but subsequently allowed Kurt Walter's motion for leave to file a late claim;

WHEREAS, Kurt Walter filed a Verified Claim on June 9, 2004, an Answer on June 14, 2004, and an Amended Verified Claim on June

2

18, 2004, asserting a claim to 50% of the Defendant Property;

    WHEREAS, as of this date, no other party has filed a claim to the Defendant Property or answered or otherwise defended against this forfeiture action as required by Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims, and the time within which to do so has expired;

    WHEREAS, the Defendant Property passed in equal and divisible parts to Melissa and Kurt Walter upon the death of Doris Walter;

    WHEREAS, the United States wishes to reach an accord with Melissa Walter, while continuing to press the Complaint against Kurt Walter;

    WHEREAS, Melissa Walter wishes to reach a full and final settlement of her Claim in this matter; and

    WHEREAS, the United States and Melissa Walter agree that this matter should be resolved between them, and there is no just reason to delay the settlement of Melissa Walter's claim pending resolution of Kurt Walter's Claim;

    NOW THEREFORE, it is stipulated and agreed by and between the undersigned parties as follows:

    1.   Upon execution by the United States, Melissa Walter and her counsel, this Agreement shall be filed with the United States District Court for the District of Massachusetts.  This Court shall retain jurisdiction to enforce the provisions of this Agreement.

    2.   For good and valuable consideration, receipt of which

is hereby acknowledged, Melissa Walter hereby withdraws so much of her claim in this case as pertains to $40,000 of the half of the proceeds of the sale of the Defendant Property as to which she has previously asserted a claim.  Subject to the terms set forth in this Agreement, and in the Final Judgment and Order of Forfeiture entered by the Court, and with no other claimant making claim to the $40,000, $40,000.00 of the proceeds of the Defendant Property shall be forfeited to the United States.  The remaining $321,383.70 of the proceeds of the Defendant Property as to which Melissa Walter has asserted a claim shall be paid to Claimant Melissa Walter.

    3.  The interest that accrued on the one-half share of the total proceeds that represented Melissa Walter's gross claim prior to this Agreement shall be apportioned between, and paid to, the United States and Melissa Walter as follows: 11% of the accrued interest to the United States and 89% of the accrued interest to Melissa Walter.

    4.  The settlement of this matter upon the terms and conditions set forth herein is in full, final, and complete satisfaction of any and all civil claims by Melissa Walter arising out of the seizure, maintenance and forfeiture of the Defendant Property by the United States.

    5.  Claimant Melissa Walter unconditionally releases, indemnifies, and holds harmless the United States, its officers, agents, and employees, including, but not limited to, the United States Department of Justice, the United States Drug Enforcement

Administration, and the United States Marshals Service, and any state or local law enforcement departments or officers involved in this litigation, from any and all claims, demands, damages, causes of actions or suits, of whatever kind and/or description and wheresoever situated, which might now or ever exist by reason of, or grow out of or affect, directly or indirectly, the seizure, maintenance, and forfeiture of the Defendant Property.

    6.   Without in any way limiting the generality of Paragraph 5, above, Claimant Melissa Walter specifically agrees to waive any and all constitutional claims that she may have arising from or relating in any way to this civil action or the seizure or disposition of the Defendant Property, including claims that this forfeiture violates the Fourth Amendment, the Due Process Clause or the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment of the United States Constitution, or any other provision of federal or state constitutional, statutory or common law.

    7.   All rights of appeal are hereby waived by all parties. Except as otherwise provided in this Agreement, each party shall bear its own fees, including attorneys fees and other expenses, incurred by it in connection with any of the proceedings pertaining directly or indirectly to this civil forfeiture action.  Nothing in this Agreement shall constitute an admission by Melissa Walter that any portion of the Defendant Property, or the proceeds from the sale thereof, is forfeitable or not exempt from forfeiture with respect to Melissa Walter as an innocent

5

owner.  This settlement is a compromise of disputed claims.

8.   The parties to this Agreement acknowledge that they understand the provisions of this Agreement and the legal effects thereof, and that they are entering into this Agreement freely and voluntarily, without coercion, duress or undue influence.

IN WITNESS WHEREOF, the United States of America, by its attorney, and Claimant Melissa Walter, both by her attorney and individually, hereby execute this Agreement.

|  |  |
|---|---|
| MICHAEL J. SULLIVAN<br>United States Attorney, | MELISSA WALTER<br>Claimant, |
| by: _____<br>Kristina E. Barclay<br>Nancy Rue<br>Assistant U.S. Attorneys<br>J. Jos. Moakley U.S. Courthouse<br>1 Courthouse Way STE 9200<br>Boston, MA 02210<br>(617) 748-3100 | by: _____<br>Peter B. Krupp<br>B.B.O. #548112<br>Lurie & Krupp, LLP<br>One McKinley Square<br>Boston, MA 02109<br>(617) 367-1970 |
| Date: | Date: |

_____
MELISSA WALTER

Date:_____