UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br><br>      v.<br><br>25 ROYAL ROAD, BROOKLINE,<br>MASSACHUSETTS,<br>          Defendant.<br><br>KURT WALTER,<br>          Claimant. | )<br>)<br>)<br>)  Civil Action No. 04-10191-DPW<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINAL JUDGMENT AND ORDER OF FORFEITURE
AS TO REMAINING INTEREST IN DEFENDANT RES**

WOODLOCK, D.J.,

    The United States commenced an _in rem_ forfeiture action against 25 Royal Road, Brookline, Massachusetts (the "Defendant Property"), on January 27, 2004.  On March 23, 2004, consistent with an agreement among the interested parties, this Court ordered an interlocutory sale of the Defendant Property, with the monies from that sale ($722,767.41) to be disbursed by further order of the Court.  On December 27, 2006, the Court issued a Final Judgment and Order of Forfeiture as to the one-half interest claimed by Melissa Walter ("Melissa Walter's Share"), ordered disbursement of $361,383.70 plus accrued interest pursuant to that Order, and held that any claim by any other party of right, title or interest in Melissa Walter's Share was held in default and dismissed.

    The Court has now conducted a trial on the claim of Kurt Walter to the remaining one-half interest in the Defendant

Property ("Kurt Walter's Share"). The Court finds that the United States has demonstrated by a preponderance of the evidence pursuant to 21 U.S.C. § 881(a)(7) that the Defendant Property was used for the storage and distribution of marijuana in violation of 21 U.S.C. §§ 801 et seq. (the Controlled Substance Act), and that the forfeiture of Kurt Walter's Share of the Defendant Property is not "grossly disproportional to the gravity of the offense," and therefore does not constitute an excessive fine.

It is therefore hereby ORDERED, ADJUDGED and DECREED:

1. The Claim of Kurt Walter to one-half of the Defendant Property is hereby denied.

2. Kurt Walter's Share of the Defendant Property shall be, and hereby is, forfeited to the United States.

3. The United States, through the United States Marshals Service, shall dispose of the $361,383.71, which constitutes the remainder of the monies from the sale of the Defendant Property, together with any interest accrued on such monies, in accordance with applicable law.

4. This Order shall be, and hereby is, the full and final disposition of this civil forfeiture action. Any claim of interest by any other person claiming right, title or interest in the Defendant Property, or the proceeds thereof, is hereby held in default and dismissed.

SO ORDERED:

_____
DOUGLAS P. WOODLOCK
United States District Judge

Date: _August 23_____, 2007